ROBERT M. CLARE, as Survivor, etc., Respondent, *v.* SAMUEL LOCKARD, Appellant.

Under the provisions of the Code of Civil Procedure (§ 399) declaring that "an attempt to commence an action in a court of record is equivalent to the commencement thereof," within the meaning of the provisions limiting the time of commencing actions, "when the summons is delivered

to the sheriff with intent that it shall be actually served," and the delivery is followed " within sixty days after the expiration of the time limited for the actual commencement of the action, by personal service \* \* \* or by the first publication of the summons" a substituted service in the manner prescribed (§§ 435, 437) is equivalent to a service by publication.

Where, therefore, a summons was delivered to the sheriff within the time limited, with intent that it should be actually served, but as appeared by the sheriff's return, service could not be made, because the defendant avoided service, and, within the sixty days, an order directing a substituted service was granted, and service was so made, *held*, that the action was commenced within the time prescribed, and so was not barred.

(Argued June 25, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made December 27, 1887, which affirmed a judgment in favor of plaintiff, entered upon a verdict directed by the court.

The complaint in this action contained two counts, one upon a promissory note, the other for goods sold and delivered.

So much of the judgment as embraces the amount found to be due for goods sold and delivered was not questioned. The appellant assigned for error that portion of the judgment which includes the amount adjudged to be due on the note, on the ground that it is barred by the Statute of Limitations.

The note became due and payable May 20, 1880. Defendant never made any payment on account of either the principal or interest secured thereby. On the 18th day of May, 1886, the plaintiff caused to be delivered to the sheriff of the county in which the defendant resided, a summons and notice with the intent that it should be actually served upon the defendant. Before the expiration of the time for the service thereof, a return was made by the sheriff that proper and diligent effort had been made to serve the summons upon the defendant, but that he avoided service so that no personal service could be made. Thereafter, and on the 8th day of June, 1886, an order authorizing and directing a substituted service of the summons was duly granted, and in pursuance thereof such service was made within ten days thereafter.

*Martin E. Halpin* for appellant. Substituted service of summons is neither a personal service nor a service by publication. There must be a strict compliance with the statute. (*Gere* v. *Gundlack*, 57 Barb. 13 ; *Taylor* v. *Troncosco*, 76 N. Y. 599 ; *Waffle* v. *Cantrell*, 1 Hun, 710 ; *Bogart* v. *Sweezey*, 26 id. 473 ; *Taddiken* v. *Cantrell*, 1 id. 710, 711; Laws of 1853, chap. 511 ; *Blossom* v. *Estes*, 84 N. Y. 614; 59 How. Pr. 381; 22 Hun, 472 ; *Kelly* v. *Countryman*, 15 id. 97 ; *Mojarriatta* v. *Saenz*, 80 N. Y. 548 ; *Schwinger* v. *Hickox*, 46 How. Pr. 114; *Webb* v. *Mott*, 6 id. 439 ; *Dix* v. *Palmer*, 5 id. 233; *Pomeroy* v. *Rickets*, 27 Hun, 242 ; *Baxter* v. *Arnold*, 9 How. Pr. 445 ; *Catlin* v. *Rickets*, 91 N. Y. 668.) It could in no way be claimed that defendant's and appellant's appearance, nearly six months after May 20, 1886, in any way offset his defense to the Statute of Limitations, upon such promissory note. (*Cossitt* v. *Winchell*, 39 Hun, 439, 440.)

*John Henry Hull* for respondent. Substituted service is equivalent to personal service. (*Orr* v. *McEwen*, 16 Hun, 625, 626, 627; Throop's Code, §§ 437, 438; Bliss' Code, § 437; *Smith* v. *Fogarty*, 6 Civ. Pro. Rep. 370; Code Civ. Pro. §§ 435, 436; *Ferris* v. *Plummer*, 46 Hun, 517; *Catlin* v. *Ricketts*, 91 N. Y. 668; *Bogart* v. *Sweezey*, 26 id. 463.) The defendant having appeared herein and moved to open the default, and then having answered, cannot be heard to object to the method of service of the summons. (*Carpenter* v. *N. Y. & N. H. R. R. Co.*, 11 How. Pr. 481; *LeSage* v. *G. W. R. R. Co.*, 1 Daly, 306; *Murray* v. *Vanderbilt*, 39 Barb. 140; *Sprague* v. *Irwin*, 27 How. Pr. 51; *Dix* v. *Palmer*, 5 How. 233; *Gossling* v. *Broat*, 1 Hilt. 49 ; *Flynn* v. *N. R. R. Co.*, 6 How. Pr. 308 ; *Smith* v. *Disper*, 2 Code Rep. 70.) The judgment cannot be attacked by answer. (*Baker* v. *Stephen*, 10 Abb. [N. S.] 1; *Collins* v. *Ryan*, 32 Barb. 647 ; *Nones* v. *H. M. L. Ins. Co.*, 5 How. Pr. 96.)

PARKER, J.   Had the sheriff succeeded in making personal service within the time prescribed by section 399, or had there been a first publication of the summons pursuant to an order for service upon him in that manner, then it is conceded that the decision of the court would not admit of question. But the summons was not served personally, or by publication, but a substituted service thereof was timely made in accordance with sections 435 and 437 of the Code of Civil Procedure. The appellant's contention is that while the action was properly commenced by a substituted service of the summons duly authorized, nevertheless it did not operate to save the note from the bar of the statute because the summons was not served either personally or by publication. We think otherwise. By sections 380 and 382 of the Code of Civil Procedure it is provided that an action upon a contract obligation or liability must be commenced within six years after the cause of action has accrued. Section 398 provides that an action is commenced against any defendant, within the meaning of any provision which limits the time for commencing an action, when the summons is served upon him, or on a co-defendant who is a joint contractor or otherwise united in interest with him.

To meet any emergency which might arise by the necessary absence or concealment of a debtor, it was provided by section 399 that "an attempt to commence an action in a court of record is equivalent to the commencement thereof within the meaning of each provision of this act, which limits the time for commencing an action when the summons is delivered with the intent that it shall be actually served, to the sheriff" of the county in which the defendant resides, if "followed within sixty days after the expiration of the time limited for the actual commencement of the action by personal service" of the summons, or by the first publication thereof as against that defendant pursuant to an order of service upon him in that manner.

It is apparent from the several sections to which we have alluded that the legislature intended that whether a cause of

action should be deemed barred by limitation of time, should be dependent upon the actual commencement of the action and not upon the manner in which the summons should be served.

Now this action was duly commenced within the time prescribed by section 399, by a substituted service of the summons in accordance with the requirements of sections 435, 436 and 437, and these sections, forming as they do a part of the same statute, must be construed together. Section 437 provides that in the case of a substituted service of a summons "the same proceedings may be taken thereupon as if it had been served by publication." These two methods of service are thus pronounced to be of equal force in the support which they give to proceedings based thereon. Each may, therefore, be regarded as the equivalent of the other where either method of service is authorized.

In *Catlin* v. *Ricketts* (91 N. Y. 668) the defendant appeared generally, and subsequently moved to discharge an attachment on the ground that personal service of the summons was not made within thirty days after the granting of the warrant, as required by section 638, and this court held that such section must be read with section 424, which provides that the "voluntary general appearance of the defendant is equivalent to personal service of the summons upon him."

Following the rule adopted in that case, section 399 must be so read as to entitle a plaintiff to the benefit of that section, where the delivery of the summons is followed within the time therein prescribed, by the first publication of the summons pursuant to an order for service in that manner, or by its equivalent, a substituted service of the summons, made pursuant to sections 435 to 437 inclusive.

The judgment should be affirmed.

All concur.

Judgment affirmed.