MARY E. RILEY, Appellant, *v.* ASHBEL W. RILEY and Another, as Executors of ASHBEL W. RILEY, Deceased, Respondents.

*Statute of limitations — death of a defendant after delivery of the summons to the sheriff — subsequent action — Code of Civil Procedure, secs.* 399, 757.

On the 31st day of March, 1882, there existed in favor of Mary E. Riley a cause of action on contract against her husband. On the 30th day of March, 1888, she caused to be delivered to the sheriff of the county where her husband then resided a summons with the intention of commencing an action upon the claim. . Before service of the summons or publication thereof, and on April 3, 1888, the husband died. On September 24, 1888, Mary E. Riley made a motion to revive the action, which was denied, and no appeal was taken from the order denying it.

In October, 1889, she brought an action against Ashbel W. Riley's executors upon the same claim.

*Held,* that the action was barred by the statute of limitations.

That a first publication or actual service of the summons within sixty days is necessary, where a party desires to take advantage of the provisions of section 399 of the Code of Civil Procedure relative to a delivery of a summons to the sheriff.

*Quære,* whether section 757 of the Code of Civil Procedure, relative to reviving actions where there is a sole defendant, and the cause of action survives, can apply to a case where a summons, in which one is named as defendant, is delivered to the sheriff before the death of the defendant?

That whether or not the plaintiff had any remedy in the first action, nothing done therein could sustain the present action brought in October, 1889.

APPEAL by the plaintiff Mary E. Riley from a judgment of the Supreme Court, entered in the office of the clerk of the county of Monroe on the 18th day of March, 1891, dismissing the complaint, with costs, after a trial before a referee.

On the 31st day of March, 1882, there was paid to the plaintiff's husband, Ashbel W. Riley, now deceased, for the plaintiff, the sum of $2,500.

Ashbel W. Riley died on the 3d of April, 1888, never having paid the money, or any part thereof, to the plaintiff.

On the 30th day of March, 1888, the plaintiff caused to be issued and delivered to the sheriff of Monroe county, to be served upon her husband, a summons in an action in which she was plaintiff and her husband was defendant, with the intention of commencing an action to recover the claim mentioned.

The sheriff went to the dwelling-house of Ashbel W. Riley, in the city of Rochester, on the said thirtieth day of March, with the intention of serving the summons upon him.

Riley was seriously sick at the time, and his physician in attendance refused to permit the service of the summons, and Riley died on the third day of April following, without service of the summons having been made upon him.

On the 24th day of September, 1888, a motion was made at Special Term, on behalf of the plaintiff, to revive the action as against Riley's executors. The motion was denied; and no appeal was taken from the order.

Nothing further was done to prosecute the claim until the month of October, 1889, when this action was commenced.

The action was duly referred and tried and the plaintiff's complaint was dismissed by the referee, and this appeal was taken from the judgment entered on the referee's report.

*Walter S. Hubbell*, for the appellant.

*F. L. & J. E. Durand*, for the respondents.

LEWIS, J.:

Plaintiff's cause of action accrued when the money was paid for her to her husband March 31, 1882, and unless the running of the

statute was arrested by the delivery of the summons to the sheriff, the statute had run against the claim before the death of General Riley. (*Mills* v. *Mills*, 115 N. Y., 80.)

The delivery of the summons to the sheriff was equivalent to the commencement of an action within the provisions of the Code limiting the time for the commencing of actions, and would have arrested the running of the statute had the conditions of section 399 of the Code of Civil Procedure been complied with, by the personal service of the summons upon the defendant sought to be charged, or by the first publication of the summons pursuant to an order for service upon him in that manner, within sixty days after the expiration of the time limited for the actual commencement of the action.

The death of General Riley made a literal compliance with these conditions impossible; and it is the contention of the plaintiff that, because of such impossibility, the delivery of the summons arrested the running of the statute, and that the plaintiff should be excused from a compliance with the conditions.

It is held in *Estes* v. *Wilcox* (67 N. Y., 264); *Adsit* v. *Butler* (87 id., 585); *National Tradesmen's Bank* v. *Wetmore* (124 id., 248), that a compliance with all the provisions of section 399 is indispensable in order to prevent the statute from running against the claim.

The plaintiff evidently took this view of the situation, as is evidenced by her attempt to revive the action against these defendants as executors. When defeated in her motion, she abandoned that proceeding, and afterward brought a new action directly against the defendant's executors.

When General Riley died the summons was in the hands of the sheriff for service; it had an actual potential existence. General Riley was the sole defendant named. Section 757 of the Code provides that in case of the death of a sole defendant, where the cause of action survives, the court must, upon a motion, allow the action to be continued against his representative or successor in interest. Whether it can be held that General Riley was a defendant within the meaning of this section, before the service of the summons upon him, may be doubted; but it must be held, we think, that the only means of relief the plaintiff had, if she had any, lay in the continuance of the proceeding to revive the action.

The action in which the attempted service was made must in some

manner have been continued to avail the plaintiff anything in arresting the running statute. Section 399 expressly provides that, in order to entitle a plaintiff to the benefit of the section, the delivery of the summons to an officer must be followed by the personal service upon the defendant, or by the publication of the summons.

It was held in *Clare* v. *Lockard* (122 N. Y., 263) that a substituted service within the sixty days is equivalent to the personal service or publication of the summons within the meaning of section 399.

It was held in the case of *Palmer* v. *Ensign* by the Superior Court of Buffalo, opinion of the court by Judge JAMES M. SMITH, that when a defendant dies after the delivery of the summons to the sheriff, and before it is served on the defendant, the action may be continued against his personal representatives. A synopsis of his opinion may be found in the 19th Albany Law Journal, 399.

The case in 124 New York (*supra*), to which our attention is called by the appellant, is not an authority for the plaintiff. It has no application to an action at law.

We see no way to give the plaintiff relief, and the judgment appealed from should be affirmed.

DWIGHT, P. J., and MACOMBER, J., concurred.

Judgment appealed from affirmed.

64h ‾‾499‾‾
173 NY²463

