BENTZ v. CROTONA PARK REALTY CO. et al.

(Supreme Court, Special Term, New York County.　June, 1913.)

1. PROCESS (§ 69*)—SERVICE OF PROCESS—SUBSTITUTED SERVICE.

A substituted service of summons in the manner prescribed by Code Civ. Proc. §§ 435–437, providing substitutes for personal service, is equivalent to service by publication.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 83; Dec. Dig. § 69.*]

2. CORPORATIONS (§ 507*)—SERVICE OF PROCESS—SUBSTITUTED SERVICE.

Where a domestic corporation has no office address other than the residence of its president in the city of New York, and the president avoids service of process, and no other officer can be found in the state, an order for substituted service in the manner prescribed by Code Civ. Proc. §§ 435–437, is authorized.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1971–1974, 1976–2000; Dec. Dig. § 507.*]

Action by John J. Bentz against the Crotona Park Realty Company and another.　Motion to vacate a lien denied.

John B. Coppola, of New York City, for the motion.

N. J. O'Connell, of New York City, opposed.

GIEGERICH, J.　[1] The claimant obtained an order for substituted service against the alleged owner, the Crotona Park Realty Company, by virtue of which it was served with a copy of the summons.　It is urged by the latter that, under sections 435 to 437 of the Code of Civil Procedure, service of the summons can be made only personally or by publication.　It was held, however, in Clare v. Lockard, 122 N. Y. 263, 25 N. E. 391, 9 L. R. A. 547, that substituted service in the manner prescribed by those sections was equivalent to a service by publication.

[2] The alleged owner also contends that substituted service will not avail the claimant, because substituted service cannot be had against a corporation; the alleged owner being a domestic corporation.　The case of Hahn v. Anchor Steamship Co., 2 City Ct. R. 25, is cited in support of the contention.　In that case, Mr. Justice McAdam refused to grant an order for substituted service.　No facts are stated, except such as may be inferred from the following brief statement:

"That a corporate body can conceal itself with intent to avoid the service of process not only imports marvelous ingenuity to the officers of the steamship company, but somewhat exaggerated, perhaps, their hiding and obscuring capacity.　The application for a substituted service of the summons is declined, on the ground that legislative sense of civil remedies is not yet liberal enough to extend the process to the case presented."

It will be seen from the foregoing extract that the justice did not lay down a rule of the sweeping character claimed by the owner, but confined the grounds of the denial to the case in hand as presented.　Neither did it appear in that case, as was shown in subsequent cases, that a single individual owned the bulk of the stock of the corporation

and that he in reality was the corporation itself. Matter of Rieger, Kapner & Altmark (D. C.) 157 Fed. 609; Cawthra v. Stewart, 59 Misc. Rep. 38, 109 N. Y. Supp. 770. That the alleged owner is a corporation of the latter description may be fairly inferred from the following uncontradicted allegations of the opposing affidavit, viz:

"That the above-named defendant, Crotona Park Realty Company, has no office address in the city of New York, other than at the residence of Caesare Pianisani, its president, No. 2144 Belmont avenue, Bronx borough, New York City. That as many as 20 efforts, at least, were made to serve the said Pianisani with summons and complaint herein, but that he has denied himself to the process servers and has avoided service. No other office of the said corporation defendant, Crotona Park Realty Company, can be found within this state."

The foregoing facts, in my opinion, amply warranted the granting of the order for substituted service. It is now in full force, and due effect must be given to it until it is set aside. In this view, service of the summons under the order in question was sufficient.

The motion to vacate the lien herein is therefore denied, with $10 costs.