## NORTON v. McININCH et al.·

No. 2990.   Decided August 9, 1917.   Rehearing denied August 21, 1917.
(166 Pac. 984.)

ATTORNEY AND CLIENT—RIGHT TO ATTORNEYS' LIEN—WAIVER OF LIEN.
 Where, under Comp. Laws, 1907, section 135, an attorney is given a lien
 upon his client's cause of action which attaches to the verdict, decision
 or judgment rendered in his client's favor, and where the attorney has
 obtained judgment in favor of his client, but after judgment authorizes
 the judgment debtor to settle for the amount of the judgment with the
 attorney's client, and such a settlement is made between the judgment
 debtor and the client in good faith and with the attorney's consent,
 the attorney waives his right to a lien, and the trial court committed
 no error in limiting the attorney to a personal judgment against his
 client for the services rendered.

Appeal from District Court, Fifth District; *Hon. Joshua
Greenwood*, Judge.

Action by Charles E. Norton against M. S. McIninch.

Judgment for plaintiff in part.   He appeals.

*C. E. Norton* in pro. per.

*Jas. A. Melville* and *Story & Steigmeyer* for respondents.

CORFMAN, J.

Plaintiff commenced this action to recover fees and for
the enforcement of an attorney's lien under the provisions
of section 135, Comp. Laws 1907.   The pleadings are volumi-
nous, and it is impracticable to set forth here more than the
substance of the material allegations necessary for the deter-
mination of the question involved on this appeal.

The complaint states that the plaintiff is an attorney and
counselor duly qualified under the laws of Utah; that the
defendant M. S. McIninch, during the times mentioned in the
complaint, was the principal and agent of the seventy-nine
other defendants; that the said seventy-nine defendants were
and now are holders of contracts with the defendants Oasis
Land & Irrigation Company, Delta Land & Water Company,

and Delta Canal Company, under the provisions of chapter 2, title 75, Comp. Laws Utah 1907, as amended, for lands and water rights in Millard County, Utah; that between May 1, 1910, and April 15, 1911, plaintiff performed services for the seventy-nine defendants in prosecuting certain suits, in drawing various instruments, in counseling and advising them and in attending to business in connection with their grievances and claims against the defendant Oasis Land & Irrigation Company, and in the prosecution of an action for damages in the Fifth district court wherein the defendant M. S. McIninch, in his own behalf and in behalf of the other defendants, sued to recover damages on their contracts with said defendant Oasis Land & Irrigation Company, in the sum of $111,300; that the defendant McIninch was the assignee of the other defendants to save a multiplicity of suits; that each of the defendants had an interest therein; that subject-matters of the individual contracts were liquidated and applied on the contracts for the use and benefit of the several defendants; that the services of the plaintiff were reasonably worth $5,000, no part of which has been paid, except $100; that on the 11th day of April, 1911, plaintiff duly filed his attorney's claim of lien in the office of the county recorder of Millard County; that defendants Delta Land & Water Company and Delta Canal Company are corporations organized for the purpose of taking over the affairs of the defendant Oasis Land & Irrigation Company, under chapter 2, title 75, Comp. Laws Utah 1907, as amended, and that the judgment has been or is about to be transferred to the other defendants; that plaintiff has no speedy and adequate remedy at law, and that, unless restrained, the defendant corporation will transfer and alienate and destroy plaintiff's lien upon the judgment and water contracts, to his damage in the sum of $4,900; that the contracts referred to were between the defendant Oasis Land & Irrigation Company and the state board of land commissioners of Utah, wherein the former bound itself to construct a dam and system of canals for the irrigation of certain lands under provisions of Utah statutes and an act of Congress known as the "Carey Act," U. S. Comp. St. 1916 sec. 4685.

Plaintiff prayed judgment for $4,900, and that the same be adjudged to be a lien against the judgment rendered on the several causes set forth in the former suit; that the water rights and contracts of the several defendants be charged therewith, and that the same be sold and the proceeds applied to the plaintiff's lien; that meanwhile transfer of the former judgment be restrained by the order of the court; and for general relief, and costs of suit.

The defendant's contract holders severally answered the complaint, admitting the employment of the defendant Mc-Ininch by them individually, and not jointly, with other defendants, to render some legal services, and that by the terms of the employment McIninch was to adjust their several claims against the defendant Oasis Land & Irrigation Company for a specified sum, which they have paid the defendant McIninch, in full for all services rendered; that they held water contracts with the defendant Oasis Land & Irrigation Company, which they assigned to McIninch for a valuable consideration, and that McIninch brought suit on the claim in his own name, and that they received credits on their water contracts as a consideration for the assignment to McIninch; that they have not paid the plaintiff for his alleged services. The several answers of the contract holders further admit the taking over by the defendants Delta Land & Water Company and the Delta Canal Company of their contracts with the Oasis Land & Irrigation Company and the state board of land commissioners for the construction of an irrigation system for reclaiming and irrigating certain lands in Millard County, and deny generally all the other allegations of the complaint not admitted or modified by their respective answers.

The separate answers of the defendants Delta Land & Water Company and the Delta Canal Company deny all material allegations of the complaint, except they admit their corporate existence, and that they were organized for the purpose, inter alia, of acquiring all of the property rights and interests of the defendant Oasis Land & Irrigation Company, and the contracts entered into between the defendants contract holders, under the "Carey Act" and Utah statutes, and that the lands to which the water rights are appurtenant are

situated, in Millard County. The answers of these defendants further affirmatively allege that the plaintiff acted as attorney for the defendant McIninch in his suit upon the several causes of actions against the defendant Oasis Land & Irrigation Company, and that it was by and with the consent of the plaintiff that the judgment in said suit was made and entered of record, wherein the court found, inter alia, that all of the damages sustained by the defendants, assignors of McIninch, had been fully paid, liquidated, and discharged by credits theretofore made and given by the Oasis Land & Irrigation Company upon the contracts mentioned in plaintiff's complaint in the said action, and that it was therein adjudged and decreed that the plaintiff, McIninch, recover nothing of or from the Oasis Land & Irrigation Company, and that the said judgment remained unmodified and in full force and effect, and that by reason of plaintiff's stipulation, wherein he approved of the said judgment, plaintiff had waived all claim and demand, as well as any and all liens which he might have had upon the judgment thus entered, as to all the defendants, and as to any and all matters mentioned in his complaint in this action, and that plaintiff is estopped thereby from maintaining this action. Copies of the findings of fact, conclusions of law, and judgment in said action were attached and made exhibits and part of the answer.

Plaintiff made reply to the foregoing answers, fully pleaded the stipulation, the awards made by arbitrators to the several defendants contract holders, and, in part, the contract between the Oasis Land & Irrigation Company, Delta Land & Water Company, and the state of Utah, and further alleged that during all the times mentioned the defendant Oasis Land & Irrigation Company was insolvent; that it had not deposited with the state of Utah any undertaking, as provided by law, and that the plaintiff was unable to collect a judgment or to enforce the terms of the contracts against it, and, in order to protect the land and water contracts for the defendants contract holders at their special instance and request, the plaintiff agreed to the taking over by the Delta Land & Water Company of all the assets of the defendant Oasis Land & Irrigation Company, and in consideration thereof the de-

fendant Delta Land & Water Company agreed, in writing, under section 2467, Comp. Laws Utah 1907, to answer for the debt, default, or miscarriage of the defendant Oasis Land & Irrigation Company, and thereafter did take over said assets and liabilities of the Oasis Land & Irrigation Company, and thereafter, to save to each of the defendants contract holders the awards for damages against the Oasis Land & Irrigation Company, plaintiff consented to and permitted the said transfer of the said awards upon the contracts and the dismissal of their action; that the defendant Delta Land & Water Company negotiated, through the plaintiff, the sale and transfer of the assets of the Oasis Land & Irrigation Company, including the contracts of the defendants contract holders, and caused the said suit and judgment to be settled as provided by the stipulation, and caused to be deposited the said land and water contracts with banking companies in order to secure money with which to complete the irrigation system and furnish water under it; that at all times the defendants by their conduct induced the plaintiff to believe in the existence of the facts as stated in plaintiff's complaint and reply herein; and that by reason of this, and relying thereon, plaintiff acted to his prejudice in the sum of $4,900, and in good conscience defendants are estopped by reason of their conduct and receiving said benefits from denying plaintiff's claims and demands.

The evidence adduced at the trial, in brief, shows: That in an action brought and filed August 1, 1910, by the defendant M. S. McIninch, as plaintiff, against the defendant Oasis Land & Irrigation Company, seventy-six causes of action were stated to recover damages aggregating $111,300; that it was later stipulated by the parties to said action that the claims for damages should be submitted to three arbitrators, and that they should file their report with the clerk of the court, and that the said clerk—

*"shall thereupon enter a judgment in favor of the plaintiff and against the defendant for the amount of such awards. Said judgment, however, shall not be a lien upon any property* of the defendant, but shall be immediately satisfied by the *plaintiff* in consideration of the defendant issuing to the

plaintiff its certified statements of credits to be made upon the contract of each person claiming damages, and the *plaintiff shall immediately upon such judgment being entered satisfy the same* in consideration of the credits being made as aforesaid, and thereafter the defendant shall make such credits upon the several water contracts held by the said plaintiff and several assignors named in said complaint, as the plaintiff may direct, and not otherwise. * * * That all maturing payments in each contract of the parties whose names appear in the several causes of action in said complaint shall be extended one year from the date of the maturity of each payment to each of the persons named in the said causes of action, *and it is especially stipulated and agreed that all claims or demands or causes of action on the part of each and every one of the said specified parties named in the several causes of action accruing up to the time of the entry of such judgment have been and are liquidated and discharged. That the said action shall be dismissed upon the entry of such judgment and the giving of such credits* and making such extensions of time of payments as aforesaid." (Italics ours.)

This stipulation was signed by the plaintiff personally, by his attorney, the plaintiff here, and the attorney for the defendant. The award was made by the arbitrators and duly filed in said cause. The court thereupon accordingly made its findings of fact and conclusions of law, and entered judgment, viz.:

"In consideration of the premises it is hereby ordered, adjudged, and decreed that the plaintiff recover nothing from the defendant, that the defendant go hence without day, and that each of the parties hereto pay his own costs in this action."

On the 14th day of April, 1911, plaintiff filed his notice of claim of attorney's lien by virtue of the provisions of section 135, Comp. Laws Utah 1907, and amendments thereto, in the office of the county recorder of Millard County, and on the 1st day of February, 1916, caused the same to be recorded in said office, setting forth, among other things, that he "hereby claims and intends to claim and hold, and does have and hold,

a lien upon those certain lands and premises, water and water rights, stipulations, agreements, and contracts, claims for damages and credits, actions, and rights of action, waivers and extensions, causes and choses in action owned and reputed to be owned by the hereinafter named settlers, * * * to secure the payment of the sum of ten thousand dollars owing to * * * Chas. E. Norton, as attorney and counselor at law and solicitor in chancery, for legal services performed and furnished in and in connection with the grievances and claims of settlers against the Oasis Land & Irrigation Company, * * * and for legal services performed and furnished in connection with and as attorney and counselor at law in a certain action for damages and other special and general relief in the district court of the Fifth judicial district, in and for Millard County, * * * entitled '*M. S. McIninch, Plaintiff*, v. *Oasis Land & Irrigation Company, Defendant*,' * * *" and naming therein 248 "settlers," or reputed landholders, with a description of their lands, acreage, and number of their contracts. . Numerous other exhibits, consisting of letters of the defendant M. S. McIninch to the plaintiff herein, and letters of other defendants to McIninch, the contract with the state of Utah, and water contracts, were received and admitted in evidence; but their contents and purport, not being material or necessary in the determination of the appeal to this court, are omitted here.

The plaintiff, in his own behalf, testified that he was not employed directly by any of the defendants, other than the defendant McIninch, and that he was not seeking a money judgment against any of the defendants, except McIninch; that he made the stipulation for the judgment rendered in the case of *M. S. McIninch, Plaintiff*, v. *Oasis Land & Irrigation Company, Defendant*. At the conclusion of the testimony the trial court rendered judgment:

"That the complaint as against all of the defendants, with the exception of M. S. McIninch, should be dismissed, and that a judgment for the amount claimed in the complaint be given in favor of the plaintiff, and against the defendant

M. S. McIninch, for the sum prayed for; and it is so adjudged, ordered, and decreed.''

Plaintiff appeals and assigns as error:

''(1) That the decision is against the law in this: Section 135, Compiled Laws Utah 1907, gave him a lien upon the seventy-six causes of action set forth in the complaint in a case in the above-entitled court wherein M. S. McIninch was plaintiff and the Oasis Land & Irrigation Company was defendant, and that from the commencement of that action, in July, 1910, he had a good and valid lien upon his client's causes of action, which attaches to the stipulated judgment, report of the arbitrators, and the proceeds thereof, in whomsoever hands they have come, and is not affected by any settlement between the parties before or after judgment, and the court erred in refusing to enforce that lien against all of the defendants.

''(2) That the decision is contrary to the evidence in this: The records and files in that case (McIninch v. Oasis Land & Irrigation Company) and the records and files in this case, together with the 140 exhibits offered in evidence, affirmatively show that the plaintiff is entitled to equitable relief against all of the defendants for the enforcement of his lien and the collection of reasonable attorney fees for services rendered for all defendants.

''(3) That the court failed to do equity to plaintiff, and failed to exercise its equity jurisdiction in this case, by permitting the defendants to retain the full benefits of said litigation, as shown by the record in this case.''

Section 135, Comp. Laws Utah 1907, provides:

''The compensation of an attorney and counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision, or judgment in his client's favor and the proceeds thereof in whomsoever hands they may come;

and cannot be affected by any settlement between the parties before or after judgment.''

Under the foregoing statute the plaintiff contends that for services rendered he is entitled to recover a judgment for $4,900, and that the same be adjudged a lien upon the seventy-six causes of action set forth in the former action or proceeding of the defendant *M. S. McIninch, Plaintiff*, v. *Oasis Land & Irrigation Company*, and also all the matters and property rights involved therein.

We have set forth herein, substantially, the facts alleged in plaintiff's complaint and the testimony adduced in his behalf in the trial of this cause, and it is inconceivable to our minds upon what theory the plaintiff could, with any degree of consistency, have expected the trial court to award him the relief prayed for in his complaint in this action. Some degree of sanctity must be accorded to the proceedings of any court; and to wholly disregard the express stipulations, judgment, and decree made and entered, wherein the plaintiff so actively participated in all the proceedings, as did the plaintiff herein, in the cause wherein he now seeks to have held for naught, in order that he may be enabled to maintain a lien for services alleged to have been rendered by him as an attorney and officer of the courts, would be no less than declaring all court and judicial procedure farcical and the judgments of the courts untrustworthy and wholly undependable. That the plaintiff has expressly stipulated and waived all rights to a lien under the provisions of the statute he here invokes is too apparent to admit of any discussion; and under the law, and in the interest of common justice, to our minds, the trial court was amply justified in denying the relief prayed for, and in entering the judgment of which plaintiff so bitterly complains.

Such rights as the plaintiff may have had to a lien under the provisions of the statute and the authorities he seeks to have aid him in the enforcement of his demands for compensation for such services as he may have rendered for defendants were, by his own acts and conduct, in permitting, stipulating to, and directing the procedure of his client's cause to the final judgment rendered by the court, wholly

waived, and he is now estopped and precluded from disturbing the existing rights of the parties, defendants here, under said judgment. R. C. L. section 166; *Goodrich* v. *McDonald*, 112 N. Y. 157, 19 N. E. 649; *Clare* v. *Lockhard*, 122 N. Y. 263, 25 N. E. 391, 9 L. R. A. 547; Jones, Liens (3d Ed.), section 231.

The judgment of the district court is affirmed, with costs.

FRICK, C. J., and McCARTY, THURMAN, and GIDEON, JJ., concur.