MARGARET M. TOOLE, Plaintiff, *v.* CECELIA A. LARKIN and Others, Defendants.

Supreme Court, Rensselaer County, July, 1923.

Process — resident defendant avoiding service of summons within the state may be served by substituted service or by publication — Civil Practice Act, §§ 230, 232(2).

Where defendant, residing within the state at a known residence, served with a summons by substituted service, moves to vacate the order permitting such service on the ground that the court had no jurisdiction on the theory that she was avoiding service and that the service must be made by publication as section 230 of the Civil Practice Act applies only to cases where the place of defendant's sojourn cannot be ascertained, her motion will be denied as substituted service was authorized as well as service by publication under subdivision 2, section 232 of the Civil Practice Act.

MOTION to vacate order permitting substituted service of summons.

*Harry E. Clinton* (*John T. Norton*, of counsel), for plaintiff.

*James Farrell*, for defendant Cecelia A. Larkin.

NICHOLS, J. This is a motion by the defendant Cecelia A. Larkin to vacate an order permitting substituted service of the summons upon the ground that the court had no jurisdiction to

15

grant the order for substituted service on the theory that the defendant was avoiding service.

Section 435 of the Code of Civil Procedure provided for service of a summons upon the defendant residing in the state, and among other provisions reads as follows: " * * * or if the defendant is a natural person, that the place of his sojourn cannot be ascertained, or if he is within the state, that he avoids service, so that personal service cannot be made."

Section 438 of the Code of Civil Procedure provided for cases in which service of summons by publication might be ordered. Subd. 2. " Where the defendant, being a resident of the state, has departed therefrom, with intent to defraud his creditors, or to avoid the service of a summons; or keeps himself concealed therein, with like intent."

Section 230 of the Civil Practice Act provides for substituted service of the summons in certain cases and after other provisions reads as follows: " * * * or a natural person residing within the state, may be made by the court, or a judge thereof, or the county judge of the county where the action is triable, upon satisfactory proof that the plaintiff has been or will be unable, with due diligence, to make personal service of the summons within the state."

The provisions of subdivision 2 of section 438 of the Code of Civil Procedure were re-enacted by section 232 of the Civil Practice Act without any change of phraseology except that most of the commas were eliminated.

The moving papers upon which the order for substituted service was granted show in effect that the defendant Cecelia A. Larkin, sought to be served, is a resident of the city of Troy; that copies of the summons and complaint were delivered to one Brock, a city marshal of the city of Troy, on the 11th day of June, 1923, for service. Brock's affidavit shows that he knew the defendant so sought to be served; that he knew her voice; that he rang the door bell at No. 19 Hoosick street in the city of Troy where said defendant resided and that no one answered it; that he passed around the house and saw said defendant at a window in an upper chamber; that he then knocked at the rear door and that he stated his mission, that he desired to serve a summons and complaint on the defendant and that the lady who answered the door went into the house and returned and said that the defendant would not see him; that he then called up the defendant on the telephone and that he knew her voice and told her that he desired to serve the summons upon her; that he was told by defendant that she would not see him and would not submit to service of the summons;

that he made other efforts to make service of the summons on the defendant on June 12, 1923. And one Joseph L. Fitzgerald made an affidavit in which he states that on June 11, 1923, the copy of the summons and complaint was delivered to him for service on said defendant; that he went to the front door of said defendant's residence and tried the knob and that the door was locked; that he rang the door bell and that a lady came to the door and that he told her that his business was to serve a summons on the defendant in the above-entitled action, and was told by said lady that the defendant would not see him or any one else who came there for the purpose of serving any papers upon her; that he made other efforts on June 12, 1923, which he details. There is also an affidavit by Thomas P. Huxtable, a deputy sheriff of Rensselaer county, that he went to the defendant's residence on June 12, 1923, and attempted to serve a copy of the summons and complaint on said defendant and details the efforts that he made. After these efforts to effect personal service were made, the affidavits of the foregoing three persons were made and upon said affidavits setting forth in detail said efforts and the affidavit of plaintiff's attorney, an order was made for substituted service upon the grounds recited therein and reciting among other things, " that after due diligence on the part of the above named plaintiff, that personal service of said summons cannot be made upon the said defendant, Cecelia A. Larkin, within the state of New York, because said defendant, Cecelia A. Larkin, is avoiding said service, * * *."

It is the contention of the defendant's attorney that now, by the enactment of section 230 of the Civil Practice Act, where a defendant avoids service of the summons, service must be made by an order of publication, thus leaving said section 230 to apply only to cases where the place of the defendant's sojourn cannot be ascertained.

Instead of restricting what was the rule under section 435 of the Code of Civil Procedure as claimed by the defendant, I think section 230 of the Civil Practice Act increases the cases where an order for substituted service may be had so as to include cases where the defendant, being a natural person, residing within the state, is without the state. Rule 49 provides, among other things: " * * * On filing proof of such service, the summons is deemed served and the same proceedings may be taken thereupon as if it had been served by publication pursuant to an order for that purpose."

In *Clare* v. *Lockard,* 122 N. Y. 267, the court says: " Section 437 provides that in a case of a substituted service of a summons ' the same proceedings may be taken thereupon as if it had been

served by publication.' These two methods of service are thus pronounced to be of equal force in the support which they give to proceedings based thereon. Each may, therefore, be regarded as the equivalent of the other where either method of service is authorized." Both methods of service being authorized in the instant case, it, therefore, follows that the order for substituted service was authorized and the defendant's motion must, therefore, be denied, with ten dollars costs. Either party may submit a proposed order in accordance herewith.

Ordered accordingly.