PRUDENTIAL INSURANCE COMPANY OF AMERICA, PLAINTIFF,
v. STEPHEN QUALSET, APPELLANT: FARMERS STATE
BANK OF PETERSBURG, INTERVENER, APPELLEE.

FILED MARCH 28, 1928. No. 25396.

*H. Halderson,* for appellant.

*Vail & Flory, contra.*

*J. P. Moore, Jr.,* and *T. B. Dysart,* for plaintiff.

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

EBERLY, J.
In a pending foreclosure proceeding wherein the Prudential Insurance Company of America, plaintiff, sought to

enforce a first mortgage against Stephen Qualset (owner of fee), Anna G. Qualset (wife), Carrie Qualset McDonald, a subsequent mortgagee, and others, defendants, the Farmers State Bank of Petersburg intervened. Omitting unessential averments, it may be said the intervener alleged that on March 3, 1923, it paid interest due on plaintiff's notes executed by defendants, secured by mortgage in suit, in the sum of $387, and on July 11, 1923, for the same purpose, the sum of $744. Intervener also alleged in substance that each of said sums was advanced and paid by it at the request of Stephen Qualset, and pursuant to an express oral agreement with him that, to the extent of the payments thus made, it would be subrogated to the lien of plaintiff under the mortgage set forth in plaintiff's petition filed herein. It also appears from the transcript herein that ultimately an issue was joined between intervener on one side and Stephen Qualset and Carrie Qualset McDonald on the other. The pleadings of the defendant Stephen Qualset, in effect, denied specifically, but not generally, the allegations of the intervener's pleadings, so far as facts upon which subrogation was claimed were concerned, and were evidently treated by all parties in the district court as an answer, and will be so treated here.

On the issue thus joined, a hearing was had in the district court, evidence adduced, and a decree finally entered fully sustaining the intervener's contentions. Stephen Qualset, alone, appeals.

It is contended that no proper summons or other process was served upon Qualset of the pendency of intervener's pleadings. But the record shows without question that, subsequent to the filing of intervener's petition, appellant entered a general appearance therein and contested intervener's claims on the merits. Service of summons was therefore unnecessary.

As to intervener's claim to subrogation, it is substantially admitted by all parties to the litigation that the interest payments in controversy were accomplished by use of a $387 check, a $744 check, and a $2 check; and that

these checks were drawn and charged against the checking account of Stephen Qualset in the intervener bank.

Intervener's evidence is to the effect that, at the time of the transactions, the parties interested were both of the opinion that the interest then unpaid on the mortgage now in suit herein was represented by coupon notes; that intervener thereupon advanced the necessary funds to Stephen Qualset and made these payments of interest to avoid a foreclosure proceeding at Qualset's request; that, pursuant to an express oral agreement with him, the interest coupons thus paid were to be assigned to the intervener by the mortgagee and held by it as security for the money thus advanced and loaned.

The evidence also discloses that, while these parties were correctly informed as to the amount of unpaid interest due at the time of these payments, they were mutually mistaken as to its form. This interest was not evidenced by a coupon note.

However, the Prudential Insurance Company, as mortgagee and the then holder of the obligation secured, acknowledged in writing the receipt of each remittance, thus made, contemporaneously with the receipt thereof, and also acknowledged the demand for the assignment of the coupon note evidencing the interest thus paid. It, in turn, explained the situation and forwarded to the intervener a receipt showing payment by this bank, and which it represented would accomplish a result identical with the assignment of a coupon interest note.

It may be said in passing that, whatever be the legal effect of this correspondence with the plaintiff and of plaintiff's receipts, it certainly evidences knowledge of the transaction and consent thereto on part of the then owner of the mortgage indebtedness involved herein.

Assuming that this correspondence was not binding upon Qualset, the determination as to the disputed facts as to the alleged oral agreement is controlled by the conflicting evidence of the record. The bank's witnesses swear that this oral agreement was made, money was advanced, and

remittances made by it pursuant thereto, with the intent evidenced thereby. Qualset denies the making of any such oral agreement and affirms the transaction to be no more or other than a payment of his checks drawn for this purpose upon his checking account.

It was, in the first place, for the trial judge, who saw and heard these conflicting witnesses and observed their demeanor while testifying, to determine this disputed question of fact in the light of all the evidence of the record. This question of fact, it is evident, the trial court determined against the appellant.

"It is undoubtedly true when an action in equity is appealed, it is the duty of this court to try the issues *de novo,* and to reach an independent conclusion without reference to the findings of the district court. But when evidence on material issues so conflicts that it cannot be reconciled, this court will consider the fact that the trial court heard the witnesses and observed their manner of testifying, and must have accepted one version of the facts rather than the other. In this view of the case we find no difficulty in adopting as our own independent conclusion the determination as to facts made by the trial court." *Weaverling v. McLennan, ante,* p. 466. See, also, *Greusel v. Payne,* 107 Neb. 84.

The appellant, however, makes the further contention that, even if these contested facts be found against him, the record presented is still insufficient, as a matter of law, to sustain the decree declaring and enforcing subrogation; that it amounts to no more than a voluntary payment which would be insufficient to subrogate the payor to the rights of the original creditor; and that the same rule holds against one who advances or loans money to pay a mortgage.

That a mere volunteer is not entitled to subrogation may be conceded, but that principle has no application to the case here presented.

In *Bohn Sash & Door Co. v. Case,* 42 Neb. 281, this court said: "The right of subrogation for moneys loaned on a mortgage used to pay prior mortgages must be predicated

upon some recognized equitable principle, such as mistake, an agreement or understanding that the loan was for the express purpose designated, or the like."

It would seem that "an agreement or understanding that the loan was for the express purpose designated, or the like," fairly applies to the oral agreement presented by this record.

Indeed, the language of this court in *Meeker v. Larsen,* 65 Neb. 158, with reference to "an agreement or understanding that the mortgage is to be kept alive for his benefit," is at least an implied recognition of the rule stated in Cyc. in the following form: "And generally, where one pays or advances money to pay a mortgage debt with the understanding that he is to have the benefit of the mortgage, he becomes the holder of the lien by subrogation, although the creditor is not a party to the agreement." 37 Cyc. 472. See, also, 41 C. J. 678, sec. 692.

It follows that the decree of the district court awarding subrogation is approved.

We do not overlook appellant's contention that the petition of intervention failing to allege that "no proceedings at law have been had or commenced for the collection of the mortgage," and there being no proof in the record "that no proceedings at law have been had by the Farmers State Bank and by the original mortgagee," the decree is neither sustained by the evidence nor supported by the pleadings.

It is to be noted, however, that the Prudential Insurance Company, as plaintiff in the instant case, declares upon the original mortgage to the benefit of the terms of which intervener bank, by its pleadings, seeks subrogation. The proceedings thus instituted to secure a subrogation are a part of the proceedings instituted by the plaintiff herein to secure a foreclosure of the mortgage in suit. In this petition of plaintiff, paragraph 16 thereof alleges: "No action at law has been had for the recovery of said mortgage debt or any part thereof, and no part thereof has been collected or paid." The form and substance of the allegation were not questioned by any of the defendants

in the district court, and appellant, by his pleadings, failed to deny it. The usual decree was entered thereon.

It is also true that the petition of intervener bank upon which the original decree in its favor was entered, and which was sought to be set aside by the proceedings appealed from, did not, in express terms, contain the allegations with reference to "no proceedings at law," etc., above set forth. However, the pleadings of appellant with which we are dealing do not attack the pleadings of the bank but rather apply to the setting aside of the decree only, notwithstanding that the bank's petition doubtless was referred to by the court as containing the facts which appellant sought to deny. In addition to this, the record also discloses that the appellant wholly failed to challenge the sufficiency of the pleadings of the intervener bank in the district court on this ground; nor did the appellant attempt to raise the question in any other manner whatever. The decree which was attacked by the appellant never having been set aside by the court, we are not concerned with the pleading of the appellant bank upon which it was entered.

However, appellant cites *Reed v. Good*, 114 Neb. 777, as controlling. The rule therein stated is as follows: "In an action to foreclose a real estate mortgage, when the allegations of the petition are denied, the burden is on plaintiff to make *prima facie* proof that no action at law has been instituted for the recovery of the debt." See *Beebe v. Bahr*, 84 Neb. 191.

But this issue not having been presented to the trial court, the appellant may not urge it now.

The rule applicable and controlling here is: "Cases appealed to this court must be considered upon the issues presented in the district court." *Nielsen v. Central Nebraska Land '& Investment Co.*, 87 Neb. 518. See, also, *Etheredge v. Chicago, B. & Q. R. Co.*, 105 Neb. 778, 783.

It follows that the action of the district court in this case as presented to it at the trial by the parties then before it is correct, and its decree then entered is

AFFIRMED.