**OSMUS v BAUMHARDT**

Ohio Appeals, 6th Dist, Sandusky Co

No 283.   Decided Oct 11, 1933

E. R. Voorheis, Woodville, for plaintiff in error.

Walter K. Keppel, Tiffin, for defendant in error.

**OPINION**

By WILLIAMS, J.

Did the court below err in sustaining this motion? . The action would be barred in two years. §11224-1, GC. The two years expired on October 16, 1932. Under the rule laid down by the Supreme Court in the case of **Armbruster, Admr. v Harrison, 116 Oh St, 490,** the action was begun within time,

provided the service made under the second alias summons was in accordance with law. Under §11231, GC

"an attempt to commence the action shall. be deemed equivalent to its commencement, when the party diligently endeavors to procure service, if such attempt be followed by service within sixty days."

The sixty day period began to run with the date of the first summons. **Bender v Bender, 37 Court of Appeals Opinions, Sixth District, unreported, p. 300, (10 Abs 329).** The record shows that a diligent effort was made by the plaintiff to procure service and that the second alias summons was served personally upon the defendant within sixty days from the time the petition was filed and summons issued.

It remains to inquire whether the service of the second alias summons was within the terms of the statutory provisions. If this service is to be found valid at all, it must be under the provisions of §6308, GC. This section provides as follows:

"Action for injury to a person or property, caused by the negligence of the owner or operator of a motor vehicle, may be brought by the person injured, against such owner or operator in the county wherein such injury occurs. A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside and may be served as in other civil actions, notwithstanding any contrary provision of law for the service of summons in civil actions."

The affidavits in this case disclose that at the time the second alias summons was issued and served the defendant was not residing in Knox County but resided in Erie County. He was in Knox County for the purpose of operating a truck for his employer, Homburger & Wager of Sandusky, Ohio, and he went home every night that the work permitted.

Sec 6308, GC, required that summons shall be issued to the sheriff of any county within this state wherein the defendant or defendants reside. Of course this statute, being remedial, should be given a liberal construction, but doing so, we are unable to. construe it to apply in a case where a person who is at the time of the attempted service in a county in which he does not reside but is engaged at work operating a truck, and where the summons is issued to

and served by a sheriff other than the sheriff of the county in which the defendant resides.

We are constrained to hold that the second alias summons was not issued and served in accordance with the provisions of §6308, GC. The court therefore did not err in quashing the service, and the judgment will be affirmed.

Judgment affirmed.

RICHARDS and LLOYD, JJ, concur.