Zimmerman, J.
 

 The general rule is that every action must be brought in the county in which the defendant resides or may be summoned. Section 11277, General Code. This is subject to the qualification that, when an action is rightly brought in any county according to the provisions of Chapter four of Title IY, Division II, of Part Third of the General Code, a summons may be issued to any other county against one or more of the defendants, at the plaintiff’s request. Section 11282, General Code,
 

 Were these actions “rightly brought” in Mahoning county within the meaning of Section 11282, so that summonses might properly issue for the defendant Maloney to Ashtabula county?
 

 In the case of
 
 Ramirez, Admr.,
 
 v.
 
 Chicago, B. & Q. Rd. Co.,
 
 116 Neb., 710, 219 N. W., 1, the Supreme Court of Nebraska, in discussing a statute (Comp. Stats. 1922, Section 8570), identical with the first part of our Section 11282, said:
 

 “The better interpretation of the statute seems to be that, for the purpose of summoning resident defendants and other defendants residing in another county, the action is ‘rightly brought’ upon the filing of a petition charging in good faith all defendants jointly with actionable liability to plaintiff and issuing for all defendants summonses directed to the sheriffs of the proper counties.” In this connection see
 
 Gorey
 
 v.
 
 Black,
 
 100 Ohio St., 73,125 N. E., 126.
 

 In the instant cases, the plaintiffs and the defendant Isaacs resided in Mahoning county. The petitions al
 
 *392
 
 lege acts of concurrent negligence of a similar character on the part of both defendants, jointly contributing to and proximately causing the collision and resulting injuries, which allegations on their face make such defendants properly joinable in the same action.
 
 Covington Transfer Co.
 
 v.
 
 Kelly,
 
 36 Ohio St., 86, 90, 38 Am. Rep., 558, 559; 30 Ohio Jurisprudence, 767 and 768, Sections 45 and 46.
 

 Isaacs was duly served with summonses in Mahoning county, where he lived, and filed an answer to each of the three petitions. The petitions indicate that he had a real and substantial interest in the subject-matter of the actions adverse to plaintiffs, and substantial relief was sought against him.
 
 Allen
 
 v.
 
 Miller,
 
 11 Ohio St., 374. It nowhere appears that he was a mere nominal party defendant, used by the plaintiffs simply for the purpose of filing their actions in Mahoning county, and thereby causing summonses to issue wrongfully against the other defendant in another county.
 

 ¡True, the trial court dismissed the actions against Isaacs .at his costs, constituting a valid judgment for costs against him, but the reason for the dismissal is not disclosed, and we are left to conjecture. It may be that Isaacs made settlement, and was dismissed on that account.
 

 If it were apparent from the records that there was no joint
 
 liability
 
 on the part of Isaacs, the resident defendant, and his dismissal was for that reason, we would be required to hold that the trial court was without jurisdiction to render valid judgments against Maloney, the nonresident defendant.
 
 Allen
 
 v.
 
 Miller, supra; Dunn
 
 v.
 
 Hazlett,
 
 4 Ohio St., 435;
 
 Drea
 
 v.
 
 Carrington,
 
 32 Ohio St., 595;
 
 Foster
 
 v.
 
 Borne,
 
 63 Ohio St., 169,171, 58 N. E., 66;
 
 Adams
 
 v.
 
 Trepanier Lumber Co., 117
 
 Ohio St., 298, 303, 158 N. E., 541, 542, 55 A. L. R., 1118;
 
 Ross
 
 v.
 
 Battle,
 
 117 Ga., 877, 880, 45 S. E., 252, 254.
 

 
 *393
 
 However, the bare fact that Isaacs was dismissed from the actions does not of itself justify us in saying that the trial court thereby lost jurisdiction over the non-resident defendant; the records failing to show that Isaacs could not have been legally included in the judgments. In other words, the fact of his dismissal standing alone does not establish his nonliability.
 
 Robertson
 
 v.
 
 Thompson,
 
 3 Ind., 190;
 
 Pike County Coal Co.
 
 v.
 
 Farrabee, Admx.,
 
 79 Ind. App., 210, 137 N. E., 680.
 

 Under a statute similar to our Section 11282, the Supreme Court of Kansas goes much further than most courts in upholding jurisdiction over a nonresident defendant, as will be noted from the first paragraph of the syllabus in the case of
 
 Van Buren
 
 v.
 
 Pratt,
 
 123 Kan., 581, 256 P., 1006, which is as follows:
 

 “Where two parties are sued jointly for trespass, thereby causing loss to plaintiff, one of whom was a resident of the county where the action was brought, and the other a resident of a neighboring county, the plaintiff has the right to procure service of summons on the nonresident defendant and sue him jointly with the resident defendant, if the joinder was made in good faith and in the honest belief that he had a cause of action against both defendants, and the fact that he failed to establish a right of recovery against the resident defendant will not operate to defeat the judgment against the nonresident defendant. ’ ’
 

 By its judgments in the proceedings under consideration, the trial court determined that the defendants were properly joined, that the actions were “rightly brought” in Mahoning county, and that summonses were lawfully issued to Ashtabula county for the joint defendant, under Section 11282, General Code.
 

 From the records submitted for our examination, we cannot say this was erroneous,, and the decision of the trial court must therefore stand.
 

 The first paragraph of the syllabus in the case of
 
 *394
 

 Paulin
 
 v.
 
 Sparrow,
 
 91 Ohio St., 279, 110 N. E., 528, is applicable:
 

 “Where it does not otherwise affirmatively appear from the record, it will be presumed that a court of general jurisdiction regularly acquired and lawfully exercised its jurisdiction over the parties.”
 

 The proposition most strenuously urged by counsel for the defendant Maloney is that the court of common pleas of Mahoning county never acquired jurisdiction over the person of Maloney to render personal judgments against him, for the reason that under the petitions as originally filed “The W. A. Maloney Company, a corporation, etc.,” was named as defendant; hence service on W. A. Maloney personally, as shown by the sheriff’s returns, did not constitute service on any one, and W. A. Maloney as an individual was never brought within the jurisdiction of the Mahoning county court.
 

 We cannot agree with this line of reasoning. Plaintiffs intended to sue the one in Ashtabula county who proximately contributed to their injuries, through negligence, as charged in their petitions. Summonses were issued for “The W. A. Maloney Company, Ford dealers at Andover.” It developed that there was no “The W. A. Maloney Company” as a corporate entity, but that the one intended to be sued, and whose automobile was involved in the collision, was “W. A. Maloney, doing business as The W. A. Maloney Company.” Since W. A. Maloney was in fact “The W. A. Maloney Company,” we think the service made was sufficient to bring him into court. A generally recognized rule, as stated in 21 Ruling Case Law, page 1325, is as follows :
 

 “The weight of authority * * * is that * * * if the writ is served on the party intended to be sued, and he fails to appear and plead in abatement, and suffers judgment to be obtained by default, he is concluded, and in all future litigation may be connected with the
 
 *395
 
 suit or judgment by proper averments. So long as tbe defendant can be identified as tbe one against whom tbe judgment was rendered, he is as much bound by the judgment, and those claiming under the judgment are as much entitled to its benefits, to all intents and purposes, as if the defendant had been sued by his right name. This rule applies to corporations as well as to natural persons.”
 

 This principle is enunciated' in a little different way in
 
 Proctor
 
 v.
 
 Wells Bros. Co.,
 
 262 Ill., 77, at page 81, 104 N. E., 186, Ann. Cas., 1915B, 273, where the court says in the opinion:
 

 “Where the real party in interest and the one intended to be sued is actually served with process in the cause, even though under a wrong name, he must take advantage of the misnomer by plea in abatement in such suit, and if he does not he will be concluded by the judgment or decree rendered, the same as if he were described by his true name.”
 

 This court recognizes the same principle in
 
 State, ex rel. American Union Telegraph Co.,
 
 v.
 
 Bell Telephone Co.,
 
 36 Ohio St., 296, at page 308, 38 Am. Rep., 583, where it says:
 

 “It has been suggested that jurisdiction has not been obtained over the American Bell Telephone Company. There is no doubt that the relators intended to prosecute the American Bell Telephone Company, but through ignorance of the true name have designated it by the name of ‘The Bell Telephone Company.’ The misnomer, however, is not fatal to the jurisdiction. It is shown that service of the writ was in fact made upon the proper agent of ‘The American Bell Telephone Company. ’ It is true, advantage of the mistake might have been taken by plea in abatement, but as the company, by its silence, has shown itself to be content with the name by which it has been sued, the court will regard the objection that otherwise might have been made on the ground of misnomer to have been waived. ’ ’
 

 
 *396
 
 Other cases on the question are:
 
 Abilene Independent Telephone & Telegraph Co.
 
 v.
 
 Williams,
 
 111 Tex., 102, 229 S. W., 847;
 
 State
 
 v.
 
 Collier,
 
 160 Tenn., 403, 23 S. W. (2d), 897;
 
 Stocker
 
 v.
 
 Dobyns-Lantz Hardware Co.,
 
 101 Okl., 134, 224 P., 303;
 
 Green
 
 v.
 
 Strother, Admr.,
 
 201 Mo. App., 418, 212 S. W., 399;
 
 Hitt
 
 v.
 
 Carr
 
 (Ind. App.), 150 N. E., 810.
 

 The object of a summons is to notify a person he has been sued. In this case W. A. Maloney, doing business as the W. A. Maloney Company, was the real party in interest and the one against whom the actions were intended to be commenced. Maloney actually received the summonses. He was not misled, and it was his duty to come promptly into court and interpose any defenses he might have had to the actions.
 

 Under the conclusions reached, we think the third paragraph of the syllabus of the case of
 
 Drea
 
 v.
 
 Carrington, supra,
 
 applies:
 

 “Where the allegations of the petition upon its face make a case in which all the defendants are rightfully joined, and service is made on one or more in the county where the suit is brought, and on the others in another county, the question of the jurisdiction of the court over the persons of the defendants served in such other county, must be raised by answer, under Sections 87 [now Section 11309, General Code] and 89 [now Section 11311, General Code] of the civil code.”
 

 We are further of the opinion, under the broad and comprehensive language of Section 11363, General Code, that the trial court, “in furtherance of justice,” did not abuse its judicial discretion by allowing plaintiffs to amend their petitions to correspond with the facts, namely, in changing “The W. A. Maloney Company, a corporation, etc.,” to “W. A. Maloney, doing business as The W. A. Maloney Company.” No new cause of action was stated thereby, and service of new summonses on Maloney was therefore not required. 21 Ruling Case Law, page 1263.
 

 
 *397
 
 The case of
 
 Burton
 
 v.
 
 Buckeye Ins. Co.,
 
 26 Ohio St., 467, demonstrates the liberality permitted in amendments., Here the petition was in dne form, properly setting forth the names, of the parties, bnt through mistake in the praecipe for summons the name of the “State Fire Insurance Company” was inserted instead of the- “Buckeye Insurance Company.” This wrong name was carried in the summons. However, the writ was actually served upon the defendant the Buckeye Insurance Company. The policy of insurance sued on provided that no action should be brought thereon unless “commenced” within twelve months after the loss. After service of this defective summons upon the defendant, and after the expiration of the twelve months limit for bringing the action, the company appeared in court and moved to strike the petition from the files. The motion was overruled by the trial court, and plaintiff was permitted to amend the writ to conform to the petition, 'and this court upheld such action.
 

 From what has been said, it becomes unnecessary to determine whether the defendant Maloney entered his general appearance in the actions by filing motions to vacate the judgments rendered against him. 'We are of opinion, however, that, if service of summonses on him in Ashtabula county had been a nullity, the filing of the motions, expressly disclaiming the purpose to enter general appearance, would not have constituted entry of general appearance.
 
 Greene
 
 v.
 
 Woodland Ave. & West Side St. Rd. Co.,
 
 62 Ohio St., 67, 56 N. E., 642; 3 Ohio Jurisprudence, 22, Section 10.
 

 Finding no prejudicial error in the judgments of the Court of Appeals, they are affirmed.
 

 Judgments affirmed.
 

 Weygandt, C. J., Allen, Stephenson, Jones, Matthias and Bevis, JJ., concur.