HUBBARD *v.* GEORGE F. ALGER CO.

(Decided October 7, 1935.)

*Messrs. McCrystal & McCrystal,* for plaintiff in error.

*Mr. George A. Beis,* for defendant in error.

LLOYD, J. On July 14, 1934, the plaintiff, R. B. Hubbard, filed his petition in the Court of Common Pleas praying for a judgment of $2,999 for alleged personal injuries sustained by him on July 20, 1933, allegedly caused by negligence of the defendant George F. Alger Company. On the first summons issued for the defendant on July 14, 1934, the date of the filing of the petition, a return of "not found" was made by the sheriff. On September 22, 1934, an alias summons was issued upon which a return of service was made by the sheriff. On November 3, 1934, the defendant filed the following motion:

"Comes now the defendant without intending in any manner to enter its appearance herein and moves the court for an order quashing service of summons and dismissing the action for want of jurisdiction."

The court finding that this motion should be granted, ordered, as appears by a journal entry filed on July 6, 1935:

"That the service heretofore had on the defendant herein be quashed and that this action stand dismissed at plaintiff's costs, to all of which finding, judgment and order plaintiff excepts."

It is not claimed by plaintiff in his petition in error that the service of summons should not have been set aside as requested, but it is urged by him, and that is the only error alleged, that the action should not have been dismissed, especially since the alleged cause of action would not become barred by the statute of limitations until July 20, 1935.

After this motion to quash was submitted to the court, the plaintiff on January 22, 1935, issued another alias summons which was served and stands as a valid service, no objection thereto having been made. It was suggested that by virtue of Section 11231, General Code, an alias summons must be issued within sixty days after the issuance of the first summons, and that since the service of the alias summons to which the motion to quash was directed was served upon the defendant more than sixty days after the date of the first or original summons, and the motion to quash having been rightly granted, the court was warranted in dismissing the action. We think the court in error in this assumption. *Bacher* v. *Shawhan*, 41 Ohio St., 271. The statute of limitations applicable to plaintiff's alleged cause of action did not become effective until July 20, 1935, and, as we view it, Section 11231, General Code, is not relevant to the facts here presented. *Osmus* v. *Baumhardt*, 47 Ohio App., 491, 192 N. E., 134.

The action should not have been dismissed. The judgment of the Court of Common Pleas is reversed, and the cause is remanded thereto with directions to enter judgment accordingly.

*Judgment accordingly.*

OVERMYER and CARPENTER, JJ., concur.