## KLEINHENZ v KLEINHENZ

Ohio Appeals, 2nd Dist, Franklin Co

No 2608. Decided March 28, 1936

Kennedy & Horner, Columbus, for plaintiff in error.

Thomas W. Donaher, St. Marys, for defendant in error.

### OPINION

By BARNES, PJ.

Counsel for defendant in error, in support of motion, cite the following Ohio cases and also §§11230 and 11231 GC:

Zakrzewski v Lehczycki, 50 Oh Ap, 116, (18 Abs 529). The above entitled case was affirmed by the Supreme Court in 129 Oh St 462.

McLarren v Myers, Admr., 87 Oh St, 88.

The syllabus in 50 Oh Ap, 116, supra, reads as follows:

"A petition in error will be dismissed where a summons in error is inadvertently not issued until the statutory period has expired, although the petition in error and praecipe for summons was filed within the seventy day limitation."

The short memorandum opinion supports the syllabus.

The case of McLarren v Myers, Admr., 87 Oh St, 88, is cited and relied upon in support of the decision by the Court of Appeals.

The Supreme Court of Ohio, in a memorandum opinion, affirmed the decision of the Court of Appeals on the authority of McLarren v Myers, Admr., supra.

It would appear that the case of McLarren v Myers, Admr., 87 Oh St, 88, is the leading case on the question as to when the petition in error will be dismissed by reason of failure of the issuance of summons within the seventy days.

It is uniformly held in this state that the mere filing of a petition and praecipe for summons within the seventy days will not toll the statute. The further fact must appear that summons was in fact issued within the seventy days. When and if this requisite fact appears, the statute is tolled so that service of summons may be made within the time provided by law.

The first syllabus in McLarren v Myers, Admr., supra, reads as follows:

"1. The saving provisions of §11231, GC, relate to the service of a summons, and before the diligent endeavor therein referred to can avail to avoid the bar of a statute of limitations, there must have been a summons issued prior to the expiration of the period fixed by the statute."

Sec 11231, GC, reads as follows:

"Sec 11231 GC. WHEN ACTION DEEMED COMMENCED. Within the meaning

of this chapter, an attempt to commence an action shall be deemed to be equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt be followed by service within sixty days."

In the instant case it appears that summons was issued within the seventy days. It also appears that an alias summons was actually served before the expiration of sixty days. The query arises as to whether or not these distinguishing facts toll the statute so as to bring plaintiff in error within the curative provisions.

The case of **Armbruster, Admr. v Harrison, 116 Oh St 490**, is helpful in that it analyzes and defines the scope of §11231, GC. The case is to be distinguished in that it was an action in the Common Pleas Court, wherein the pertinent inquiry was whether or not the malpractice action was commenced within one year after the cause of action accrued under a statute of limitations controlling actions of this character. A suit was in fact filed only three days before the period of limitation and summons issued the same day, as was also the return of the sheriff showing the service. It developed that the service was defective and was quashed on motion, following the statutory limitation of one year. Immediately an alias summons was issued and promptly served. A motion was interposed to quash the alias summons and dismiss the case on the ground that same was not commenced within the statutory limitations of one year. This motion was sustained by the trial court and such judgment affirmed by the Court of Appeals. The Supreme Court reversed. In a per curiam opinion the Supreme Court refers to and distinguishes earlier decisions where the summons had not in fact issued prior to the statutory limitation.

The case of **Ross, Sheriff v Willet, 54 Oh St, 150**, is cited, with approval, with the comment that it is parallel with the case then being considered, except that the reported case (54 Oh St, supra) was a proceeding in error in an appellate court instead of an action in a trial court.

In the instant case this distinguishing feature is eliminated in that we are considering a case on review and not as an original action.

We at once direct our attention to the cited case of **Ross, Sheriff v Willet, 54 Oh St, 150**. The syllabus reads as follows:

"Sec 4988, of the Revised Statutes, is applicable, by analogy, to proceedings in error."

Sec 4988, Revised Statutes, is now §11231, GC.

The decision in this case is also per curiam, and the court presents at length its reasoning whereby it determines that the sections of the statute primarily applicable to trial procedure are, by analogy, applicable to the commencement of actions on review. We think the last paragraph of the opinion is in point and determinative of the instant case. It reads as follows:

"We are also of the opinion that plaintiff in error has shown a compliance with the requirements of the statute. He attempted to commence his proceeding in error by filing his petition and causing a summons to be issued and served, in proper time; the service proved ineffectual, and was set aside, and that was followed promptly by a new writ and valid service within sixty days. True, the ineffectual service was the result of his own mistake, but there are provisions of the Code which were designed to relieve parties from the harsh consequences of mistakes made in proceedings under it, by permitting their timely correction, and those of §4988 are of that character."

The instant case is to be distinguished from the reported case (Ross, Sheriff v Willet, supra), in that it appears that there was a service, although defective, in the reported case; whereas in the instant case there was no service, the return of the sheriff being "not found."

The case of **Osmus v Baumhardt, 47 Oh Ap, 491, (16 Abs 141)** directly meets this question. The first syllabus reads as follows:

"1. Where first summons is issued within limitation period for bringing action and returned 'not found' and diligent effort is made to procure service, and an alias summons is properly served within sixty days from date of first summons, though after expiration of limitation period, action is deemed to have been commenced timely (§§11224-1 and 11231, GC)."

Also the same question will be found decided in case of **Gowdy v Roberts, 32 Oh Ap, 38, (7 Abs 318)** the third syllabus of which reads as follows:

"3. An attempt to commence a proceeding in error is equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within sixty days from the date the first summons is issued."

This case appears to be identical in its facts with the instant case.

It is our conclusion that the motion to dismiss the petition in error must be overruled.

Exceptions will be allowed to defendant in error.

HORNBECK and BODEY, JJ, concur.