MORGAN et, Plaintiff, v. BAYVIEW HOSPITAL, a Corporation et, Defendants.

Common Pleas Court, Cuyahoga County.

No. 698647. Decided December 4, 1959.

McNeal & Schick, Cleveland, for plaintiff.

Arthur E. Petersilge, Cleveland, Charles J. Chastang, Columbus, for defendants, Stephen A. Sheppard, Richard N. Sheppard.

Schlitz & Petersilge, Cleveland, Charles J. Chastang, Columbus, for defendant Ralph C. Blackwell.

Schlitz & Petersilge, Charles J. Chastang, for defendants The Cleveland Osteopathic Hospital and The Cleveland Osteopathic Clinic, Inc.

Boer, Mierke, McClelland & Handy, W. O. Handy, of Counsel, Cleveland, for defendant U. W. Hampton.

**OPINION**

By J. J. P. CORRIGAN, J.:

This case comes before the Court on defendants', Cleveland Osteopathic Hospital and Cleveland Osteopathic Clinic, Inc., demurrer to the second amended petition of plaintiff. The ground for the demurrer is that the action was not brought within the time limited for the commencement of such actions.

The original petition was seasonably filed and several defendants were served. Among the defendants served was "Bay View Hospital, a corporation." The hospital administrator of said Bayview Hospital was personally served. Subsequently, the plaintiff discovered that the hospital located on Lake Road in Bay Village, Ohio, was not "Bay View Hospital, a corporation" but rather "The Cleveland Osteopathic Hospital, a corporation" and "The Cleveland Osteopathic Clinic, Inc., a corporation." After the statute of limitations had run, the plaintiff named the last two corporations in an amended petition and served them. There is no entity named "Bay View Hospital, a corporation."

The plaintiff moves the Court for an order permitting the amendment of the Petition, Precipe. Summons and Return of Summons said amendments to substitute the defendants "The Cleveland Osteopathic Hospital, a corporation" and "The Cleveland Osteopathic Clinic, Inc., a corporation" in the place and stead of "Bay View Hospital, a. corporation." This motion is made pursuant to §2309.58 R. C., which reads as follows:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved. When an action or proceeding fails to conform to the laws governing civil procedure, the court may permit either to be made conformable by amendment."

It is the contention of the plaintiff that the persons sought to be sued have in fact been served within the time limited for the commencement of the action. The plaintiff has given notice to the people who operate the hospital that he seeks to hold them for damages resulting from their negligence. The administrator of the hospital, who was served under the original process, can be charged with actual notice that the entity was sued. Cases of correcting "misnomers" in summons are legion. The courts of Ohio and other jurisdictions have invariably held that "misnomers" may be corrected upon motion. **Burton v. Buckeye Insurance Company, 26 Oh St 467 (1875); Spence v. Commercial Motor Freight, Inc., 99 Oh Ap 143 (1954); Taylor v. Victor Equipment Co., 84 Oh Ap 236 (1948);** for cases from other jurisdictions see the annotation in 124 A. L. R. 82.

In a strict sense, this is not the usual "misnomer case." The common "misnomer case" is concerned with substituting a middle initial or substituting "Incorporation" in place of "Company." The errors are

usually of a minor nature. However, the reason for permitting correction of misnomers is applicable to this case. Courts have permitted corrections of misnomers where there is no confusion as to the identity of the defendant, and the party intended to be sued is, in fact, given notice of such suit.

In this case there is no confusion. Plaintiff sought to sue a hospital. He served that hospital under the statute. That entity had notice of suit. Plaintiff merely called the hospital by a different name. Had the plaintiff served another hospital or person, the result would be different, for in the latter case there would have been no notice.

The record here shows that the entity sought to be sued was given timely notice of such suit. The mistake was that the entity was erroneously named. Because notice is the very essence and reason for service and notice had, in fact, been seasonably given, the court overrules the demurrer of the defendants.

Further, the motion of plaintiff to amend the Petition, Precipe for Summons, Summons and Return of Summons by changing the name of the defendant, Bay View Hospital, a corporation, in each instance to read:

"The Cleveland Osteopathic Hospital, a corporation, doing business as Bay View Hospital, 23200 Lake Road, Bay Village, Ohio, and

"The Cleveland Osteopathic Clinic, Inc., a corporation."

is granted. A journal entry will be drawn in accordance with the foregoing.