**Mary GROOMS, Plaintiff-Appellant,**

v.

**GREYHOUND CORPORATION,**
**Defendant-Appellee.**

**No. 14275.**

United States Court of Appeals
Sixth Circuit.

Feb. 21, 1961.

---

Paul E. Riley, Wilmington, Ohio, for appellant.

William H. Hutcherson, Jr., Rendigs, Fry & Kiely, Cincinnati, Ohio, for appellee.

Before McALLISTER, Chief Judge, WEICK, Circuit Judge, and BOYD, District Judge.

WEICK, Circuit Judge.

The action below originated in the Court of Common Pleas of Clinton County, Ohio, where plaintiff filed a petition on December 16, 1959 to recover damages from defendant, Pennsylvania Greyhound Lines, Incorporated, for personal injuries sustained by her on one of its buses. She alleged that on December 17, 1957, she purchased a ticket from said defendant's agent in Wilmington, Ohio for transportation by bus to Norwood, Ohio; that she boarded defendant's bus at Wilmington as a fare-paying passenger; that before she had taken her seat on the bus defendant suddenly and without warning started the bus causing her to be thrown against the metal piece between the seats on the bus with such force as to fracture the lower end of her spine.

The praecipe for summons requested the Clerk of said court to issue summons directed to the Sheriff of Franklin County, Ohio "for service upon defendant corporation herein, Pennsylvania Greyhound Lines, Inc. (serving same upon Wendell Palm, District Agent) Greyhound Bus Station, 3rd and Town Streets, Columbus, Ohio and endorse thereon "Action for Damages for Personal Injury. Amount claimed $55,053.04."

Pursuant to the praecipe, the Clerk issued summons dated December 16, 1959. The summons commanded the Sheriff of Franklin County "to notify Pennsylvania Greyhound Lines, Inc. (serving same upon Wendell Palm, District Agent), Greyhound Bus Station, 3rd and Town Streets, Columbus, Ohio." The summons was received by the Sheriff on December 17, 1959 and he made the following return thereon: "and after due and diligent

search we were unable to locate the within named Pennsylvania Greyhound Lines, Inc. within the limits of our bailiwick. Mr. Palm would not accept this paper, as he says the name of the company is wrong—should be Eastern Greyhound Lines, Inc." The summons was returned to the Clerk by the Sheriff on December 29, 1959.

On January 14, 1960 plaintiff filed a motion in the Common Pleas Court for leave to amend her petition alleging therein that she had "discovered that the name 'Pennsylvania Greyhound Lines, Inc., is a misnomer, and that the correct name of the defendant is The Greyhound Corporation, Eastern Division." The court entered an order finding the motion to be well-taken and granting leave to plaintiff to amend her petition by striking the name of the defendant Pennsylvania Greyhound Lines, Inc. and replacing it with the name of The Greyhound Corporation in the caption and wherever the same appeared in the body of the petition. The plaintiff filed an amended petition on January 18, 1960 making The Greyhound Corporation a party defendant thereto in the place of Pennsylvania Greyhound Lines, Inc. Another summons was issued on January 18, 1960 and service had on W. D. Palm, Managing Agent of The Greyhound Corporation on January 19, 1960. Summons was issued and served on the same day on Roger Veith, an agent for Greyhound at the Union Bus Station in Wilmington, Ohio and on its statutory agent William G. Workman in Cleveland. Summons was also served by registered mail on Greyhound at its principal office in Chicago.

Greyhound removed the case to the District Court on the ground of diversity of citizenship. Greyhound then filed a motion to dismiss the action on the ground that it had not been commenced within the time limited by Ohio law for the commencement of such actions which was two years. R.C. Sec. 2305.10. The District Judge granted the motion to dismiss without opinion. Plaintiff then appealed the case to this Court.

■ In Ohio, an action is commenced *"at the date of the summons* which is served on [the defendant]." (italics added) R.C. Sec. 2305.17. An attempt to commence an action is, however, deemed equivalent to its commencement, "when the party diligently endeavors to procure a service, if such attempt is followed by service within 60 days." R.C. Sec. 2305.17. When a writ is returned not summoned, other writs may be issued until the defendant has been summoned. R.C. Sec. 2703.06. When the attempt to commence an action is followed by good service within 60 days, the action is deemed to have been timely commenced even though the statute of limitations has run between the date of the summons and the date of actual service. Kleinhenz v. Kleinhenz, 21 Ohio Law Abst. 638; Osmus v. Baumhardt, 47 Ohio App. 491, 192 N.E. 134. Cf. Armbruster v. Harrison, 116 Ohio St. 490, 157 N.E. 391.

Did plaintiff diligently endeavor to procure service?

■ The first summons, which was not served, was at least an attempt to commence the action. The Sheriff received the summons before the statute of limitations had run. The summons commanded the Sheriff to serve W. D. Palm, District Agent to the Pennsylvania Greyhound Lines, Inc. It was the duty of the Sheriff to obey the command of the summons and serve Mr. Palm as the District Agent of said company since the return indicated that he was found in the county. The Sheriff did not perform his duty apparently because Mr. Palm had advised him that the name of the company was wrong and for that reason Mr. Palm refused to accept service. The Sheriff had no right to make a determination that the name of the company was wrong as his duties were ministerial only. He should have made service of the summons on Mr. Palm even though Mr. Palm had refused to accept it. It is clear from the return, however, that Mr. Palm, the managing agent of Greyhound obtained knowledge that his company had been sued although by the wrong name. The purpose of the

summons is to give notice to the defendant that it has been sued. Maloney v. Callahan, 127 Ohio St. 387, 396, 188 N.E. 656; Morgan v. Bayview Hospital, Ohio Com.Pl., 166 N.E.2d 430.

▇ Having made an attempt to secure service of summons, plaintiff followed by actually securing proper service of summons on The Greyhound Corporation on January 19, 1960. The return of the Sheriff on the original summons was not filed with the Clerk until December 29, 1959. Only 34 days elapsed between the date of the original summons and the date of service on Greyhound which was well within the statutory period of 60 days. R.C. Sec. 2305.17. In our judgment, there can be no question but that plaintiff proceeded diligently to secure service of summons.

Appellee contends that The Greyhound Corporation was not a party defendant to the original petition and did not become a party until it was served with summons on January 19, 1960. It filed an affidavit in the District Court to the effect that Pennsylvania Greyhound Lines, Inc. was a Delaware corporation (the state of incorporation also of The Greyhound Corporation), but that it discontinued operations in August 1954 and completely passed out of existence on January 1, 1955 and since said last mentioned date there has been no such corporation.

Appellee claims that plaintiff intended to sue Pennsylvania Greyhound Lines, Inc. and, therefore, there was no misnomer. It argues that since there was no misnomer, the action against The Greyhound Corporation was not commenced until it was served with summons which was after the statute of limitations had run. As for plaintiff's intentions, it is difficult for us to ascribe to her an intent to sue Greyhound's predecessor which had passed out of existence several years before her claim arose. We think it is rather obvious that she intended to sue The Greyhound Corporation which sold her the ticket and operated the bus that caused the injuries of which she complains.

The Supreme Court of Ohio answered a similar contention in Maloney v. Callahan, supra, 127 Ohio St. 387, at page 394, 188 N.E. 656, at page 659. Judge Zimmerman, who wrote the opinion for the Court said:

"Plaintiffs intended to sue the one in Ashtabula county who proximately contributed to their injuries, through negligence, as charged in their petitions. Summonses were issued for 'The W. A. Maloney Company, Ford Dealers at Andover.' It developed that there was no 'The W. A. Maloney Company' as a corporate entity, but that the one intended to be sued, and which automobile was involved in the collision was 'W. A. Maloney, doing business as The W. A. Maloney Company.' Since W. A. Maloney was in fact 'The W. A. Maloney Company', we think the service made was sufficient to bring him into court."

Furthermore, the Common Pleas Court, in allowing the amendment to the petition, determined that there had been a misnomer. We must presume regularity in the proceedings before that court and that there was a showing which justified the court in entering the order which it made.

▇ In Ohio, procedural statutes are liberally construed. In re Guardianship of Wisner, 148 Ohio St. 31, 72 N.E. 2d 751; Robinson v. Greyound Corp., 6 Cir., 245 F.2d 65. In our opinion, this is a clear case of misnomer. 44 Ohio Juris. 2d Process, Sec. 98; Maloney v. Callahan, supra. The Common Pleas Court had the power to authorize the amendment of the petition to correct the name of the defendant. R.C. Sec. 2309.58. The practice was to correct the misnomer upon motion. Morgan v. Bayview Hospital, Ohio Com.Pl., 166 N.E.2d 430. An amendment to a petition which sets up no new cause of action relates back to the commencement of the action so as to prevent the statute of limitations from running. Cohen v. Bucey, 158 Ohio St. 159, 107 N.E.2d 333; Brown v. Cleveland Baseball Co., 158 Ohio St. 1, 106 N.E.2d

632; Douglas v. Daniels Bros. Coal Co., 135 Ohio St. 641, 22 N.E.2d 195, 123 A.L.R. 761; Louisville & N. R. R. Co. v. Greene, 113 Ohio St. 546, 149 N.E. 876; Sherman v. Air Reduction Sales, 6 Cir., 251 F.2d 543. Where the amendment merely corrects a mistake in the name of the defendant, it does not introduce a new cause of action. Inman v. Radjevick, Ohio Com.Pl., 2 Ohio Supp. 179; Spence v. Commercial Motor Freight, 99 Ohio App. 143, 127 N.E.2d 427, 53 A.L.R.2d 1445; Morgan v. Bayview Hospital, supra; 34 Ohio Jur.2d Sec. 143, pp. 620, 621; Godfrey v. Eastern Gas & Fuel Associates, D.C.Mass., 71 F.Supp. 175.

The order of the District Court granting the motion to dismiss is reversed and the cause is remanded to that court for trial on its merits.