LAND, Appellant,

v.

ROLM CORPORATION et al., Appellees.

[Cite as *Land v. Rolm Corp.* (1993), 87 Ohio App.3d 305.]

Court of Appeals of Ohio,
Summit County.

No. 15873.

Decided April 21, 1993.

*Geoffrey Eicher* and *Dominic Musitano, Jr.,* for appellant.

*Jeffrey Tasse,* for appellee Rolm Corporation.

*Joseph Sansonetti,* for appellee Zacharias.

*Chris Nolan* and *Peter D. Janos,* for appellee Norstan, Inc.

Cook, Presiding Judge.

This appeal poses the question whether amendment of a complaint by adding a new defendant relates back to the date of the original complaint. We find that

Civ.R. 15(C) allows for relation back of amendments changing a party, but not amendments adding a party, therefore we affirm.

## I

Bryan Land claims to have been injured on October 9, 1989 as a result of the negligent installation of telephone equipment at his place of employment. He filed suit on August 16, 1991 naming IBM and Rolm Corporation ("Rolm") as defendants under the mistaken belief that the responsibility for the installation fell to either or both of them. At a pretrial on January 10, 1992 IBM and Rolm notified plaintiff for the first time that Norstan, Inc. and not the named defendants was the installer of the equipment. With that information, plaintiff filed an amended complaint naming Norstan, Inc. as a defendant together with IBM and Rolm. The allegations of the complaint remained the same as the prior complaint with general references to "defendants" as being negligent in the installation.

Norstan, Inc. answered asserting the statute of limitations as a defense. It also filed a third-party complaint for indemnity against its subcontractor, Larry Zacharias. Both Norstan and Zacharias then filed motions for summary judgment based on the running of the two-year statute of limitations as to them. The court granted summary judgment to Norstan and, based upon that decision, dismissed the third-party complaint for indemnity against Zacharias as being moot.

## II

### Assignments of Error

"I. The trial court erred in its finding that the second amended complaint filed against defendant Norstan was outside the statute of limitations for negligence actions because the second amended complaint related back to the filing date of the original complaint pursuant to Ohio Civil Rule 15(C).

"II. The trial court erred in its finding that defendant Norstan did not receive timely notice of the institution of the action under Ohio Civil Rule 15(C) because Ohio Civil Rule 15(C) must be read in conjunction with Ohio Civil Rule 3(a).

"III. The trial court erred in its finding that 'no evidence was presented showing that the corporation was misnamed or that there was any mistake in the name of the corporation' because plaintiff's affidavit clearly explains that he mistook defendant Rolm as the installer of the equipment. Further, said finding is against the manifest weight of the evidence.

"IV. The trial court erred in its finding that there was no showing that defendant Norstan received notice of the institution of the action and that they knew or should have know that they were the proper party because defendant Norstan admitted by way of interrogatories that it received notice of the action prior to the expiration of the statute of limitations. Further, since plaintiff's complaint was against the installer and defendant Norstan has admitted that it was the installer, the court's above finding is against the manifest weight of the evidence.

"V. The trial court erred in its finding that the plaintiff amended his complaint on November 7, 1991, to include defendant Rolm/IBM as is evidenced by a plain reading of the pleadings filed in this matter. Further, said finding is against the manifest weight of the evidence.

"VI. The trial court erred in granting defendant Norstan's motion for summary judgment and dismissing plaintiff's complaint.

"VII. The trial court erred in finding that defendant Norstan's third party complaint against defendant Zacharias was moot and further dismissing defendant Zacharias."

## III

Although Land assigns seven errors for our review, each is dependent on the fundamental question presented by the first assignment of error of whether Civ.R. 15(C) can be invoked here. The pertinent part of the rule reads as follows:

"Relation Back of Amendments. Whenever the *claim or defense* asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment *changing the party* against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." (Emphasis added.)

The action against Norstan was untimely filed. It can only be saved if the amended complaint can be shown to relate back to the original filing date. The plain meaning of the rule is evident from the language emphasized above. A claim or defense relates back if it arose out of the same factual scenario described in the original pleading. The rule does not address the adding of a party as

relating back to the original filing. Changing a party, on the other hand, is permitted to relate back under certain conditions.

This case is analogous to *Tyler v. W. Reserve Human Serv.* (Apr. 30, 1986), Summit App. No. 12280, unreported, 1986 WL 5121, decided by this court. There the plaintiff amended her complaint to add Akron City Hospital upon discovery that the coroner's report concluded that the hospital and not Western Reserve caused the victim's death. We noted in that case that there was no mistake as to name or inadvertence, as was sanctioned in *Hardesty v. Cabotage* (1982), 1 Ohio St.3d 114, 1 OBR 147, 438 N.E.2d 431, and that the amended complaint evidenced an intent to proceed against both defendants. *Tyler, supra,* at 3. As in *Tyler,* Land did not substitute the intended defendant for the mistaken defendant. Although the claims remained the same, the amended complaint allowed Land to proceed against any one or all three of the defendants.

We did not find that the amendment in *Tyler* related back and we hold the same as to Land. The first and sixth assignments of error are overruled.

### IV

Land's assignments of error two, three, and four relate to the trial court's holding that the reason that the amended complaint did not relate back was that Land had not met the specific criteria of Civ.R. 15(C). Because we hold that the rule does not authorize relation back of claims against additional parties, any examination of the criteria for relation back as to a changing of a party is unwarranted. If Land had substituted Norstan, Inc. as a defendant, we would review the holding of the trial court that the criteria for changing a party were not met here. These assignments of error are therefore overruled.

Similarly, the apparent factual error in the trial court's judgment, assigned as error five, is not significant in light of our holding on the applicability of Civ.R. 15(C) and is overruled.

Finally, the granting of summary judgment or dismissal of Zacharias was proper in light of the failure of Land to establish that the claim against Norstan was timely brought. Thus, assignment of error seven is not well taken.

### V

The assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN and BAIRD, JJ., concur.