OPINION
This appeal presents the novel question of whether a complaint, filed within one year of the Civ.R. 41(A)(1)(a) voluntary dismissal of an earlier complaint, which names a different party defendant than was named in the earlier complaint, should be treated as if it were a Civ.R. 15(C) amendment of the earlier complaint, so as to defeat the statute of limitations defense of the party defendant first named in the later complaint. We conclude that the answer to this question is no, and thus affirm the action of the trial court in dismissing International Fraternity of Phi Gamma Delta (also "International") as a party defendant.
The record on appeal is sparse. The following factual and procedural background is not, we believe, in dispute.
Ann Devine is the personal representative of the estate of her deceased son, Eric Devine, by appointment of a Florida court. Her son was killed in an automobile accident September 3, 1995, after he and the driver had become intoxicated at a party at the Phi Gamma Delta fraternity house at Wittenberg University in Springfield, Ohio.
Mrs. Devine brought a wrongful death action against Phi Gamma Delta Fraternity, Wittenberg University Chapter (also "the Chapter"), and several other defendants, on September 1, 1997. This case was numbered 97-CV-0707. Mrs. Devine filed the action pro se but retained counsel as of February 19, 1998. International Fraternity of Phi Gamma Delta was not a named defendant in 97-CV-0707. 97-CV-0707 was voluntarily dismissed May 13, 1999. On August 5, 1999, Mrs. Devine filed another wrongful death action on account of Eric's death, this time naming as defendants Phi Gamma Delta Fraternity, Wittenberg University Chapter, and International Fraternity of Phi Gamma Delta. International moved to dismiss, asserting that the two-year statute of limitations had run against it and, because it had not been a party defendant in 97-CV-0707, Mrs. Devine could not avail herself of savings statute — R.C. 2305.19 — to make International a party defendant. The trial court dismissed the action as to International, and certified the dismissal for immediate appeal pursuant to Civ.R. 54(B).
Mrs. Devine's single assignment of error asserts:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF WHEN IT DISMISSED THE INTERNATIONAL FRATERNITY OF PHI GAMMA DELTA FINDING THAT THE INTERNATIONAL FRATERNITY OF PHI GAMMA DELTA WAS A NEW PARTY TO THE LAWSUIT WHEN, IN FACT, IT WAS ONLY A NAME CHANGE.
Mrs. Devine first contends that her complaint in 97-CV-0707 should have been held to a "less stringent standard" because she filed it pro se, citing Weaver v. Carson (1979), 62 Ohio App.2d 99. This contention fails. Although the court in Weaver did refer to a more lenient approach to pro se pleadings (which nevertheless failed to salvage Weaver's pro se complaint), Weaver was concerned with whether Weaver's complaint stated a justifiable claim. A "less stringent standard" simply has no application to this situation, where the complaint in 97-CV-0707 failed to name International as a party defendant and the subsequent complaint naming International was filed after the statute of limitations had run as to International. It is one thing to provide a liberal reading to a pro se complaint in determining whether it states a claim upon which relief may be granted. It is quite another thing to read a pro se complaint to include a party which admittedly is not named in the complaint. As a corollary contention, Mrs. Devine asserts that as a pro se litigant, she should not have been expected to distinguish between a national organization and its local chapter, and that International has furnished no evidence that it and the Chapter are separate entities. If International and the Chapter are separate entities, Mrs. Devine's pro se status cannot absolve her of her failure to make International a party defendant in her complaint in 97-CV-0707 or by amendment to her complaint in that case. Civ.R. 15(C). If, indeed, the Chapter and International are not separate entities, there can be no prejudice to Mrs. Devine occasioned by the dismissal of International, because the Chapter remains a party defendant in the trial court.
Mrs. Devine has cited no authorities which support what she has sought to do here: subject a party in whose favor the statute of limitations has run to liability in a second lawsuit after dismissing an earlier lawsuit in which that party was neither originally named as a party defendant nor made so by amendment. Underwriters Adjusting Company, et al. v. City of Youngstown, et al. (Oct. 6, 1976), Mahoning App. No. 76CA55, unreported; Morgan, et al. v. Bayview Hospital (1959), 82 Ohio L. Abs. 499; and Estes v. Starnes (1999), 732 So.2d 251 all deal with the propriety of permitting or forbidding amendment of the original complaint after the statute of limitations has run to substitute a different party for the party earlier named in the complaint. As noted above, this is not what happened here. Mrs. Devine did not seek to amend her original complaint, either to add International before the statute of limitations ran as to International, or to substitute International for the Chapter. See Dobbelaere v. Cosco, Inc. (1997), 120 Ohio App.3d 232, discretionary appeal not allowed (2000), 90 Ohio St.3d 1406, construing Civ.R. 15(C). Simply stated, Civ.R. 15(C) does not apply to the procedural situation presented in this case. Furthermore, even if Civ.R. 15(C) somehow applied to this case, it could not be used to add International where the Chapter continues to be a named defendant. Kraly v. Vannewirk (1994),69 Ohio St. 627, syllabus, para. 1.
The assignment of error is overruled.
 ____________ WOLFF, P. J.
FAIN, J. and GRADY, J., concur.