JOURNAL ENTRY AND OPINION
{¶ 1} This appeal raises the question whether Civ.R. 15(C) may be used to add a party-plaintiff to a timely-filed lawsuit after the statute of limitations has expired. Appellant-plaintiff Emima Kalutsky[1] argues she complied with Civ.R. 15(C) because her amended pleading and the original lawsuit emanated from the same events; the tortfeasor had notice of the tortious conduct within the statute of limitations; and the appellee knew or should have known that, but for a mistake, she would have been named in the lawsuit; she cited Young v. IBP,Inc.[2] Appellant's assessment of Young is correct but not binding on this court. Additionally, we believe that Young is peculiar to its facts.
 {¶ 2} In Young, the plaintiff and her husband timely filed their personal injury lawsuit against IBP, Inc. Later, she amended her suit to include her bankruptcy trustee; however, her amendment was beyond the applicable statute of limitations. IBP, Inc. moved for summary judgment based on the statute of limitations. In its written opinion, the trial court held that under Civ.R. 15(C), the bankruptcy trustee could be joined as a party-plaintiff and the amendment related back to the original lawsuit and thus the statute of limitations did not interfere with the opportunity to amend.
 {¶ 3} The trial court stressed that the cause of action belonged to the bankruptcy trustee and concluded that no harm occurred when the trustee was added to the lawsuit. Nevertheless, the historical case law makes it clear that Civ.R. 15(C) may not be used to add a party.[3]
Civ.R. 15(C)'s primary purpose is to preserve actions which through mistaken identity or misnomer have been filed against the wrong person.[4] This district has taken the position that a party may amend after the applicable statute of limitations has expired when the design is to substitute a party to correct a misnomer.[5] We have interpreted Civ.R. 15(C) to apply to resolve minor errors.[6] The common misnomer case is concerned with substituting a middle initial or substituting "incorporation" in place of "company."[7]
 {¶ 4} Furthermore, we note that the majority of Civ.R. 15(C) cases involve corrections or substitutions when the amended pleading makes changes regarding the party against whom a claim is asserted. A review of Civ.R. 15(C) suggests that it is limited to an amended pleading changing the party against whom a claim is asserted.[8] Additionally, in Kraly v. Vannewkirk[9], the Supreme Court of Ohio held that the primary purpose of Civ.R. 15(C) is to substitute a party, not to add a party.[10] In Amerine v. Haughton Elevator Co.,[11] the Supreme Court of Ohio held that "under Civ.R. 15(C) an amendment relates back to the date of the original pleading if the parties are not changed."[12]
The example used was naming the real party who had been originally named a fictitious John Doe.[13] In Land v. Rolm Corp.,[14] that court held that Civ.R. 15(C) does not address the adding of a party as relating back to the original filing. The court went on to state that the rule permits changing a party, when the change is to correct or substitute but not to add a new party.[15]In that case, the reference was to a new party defendant. Consequently, we hold that Civ.R. 15(C) does not allow for the adding of a new party to an original action under the relation back doctrine after the statute of limitations has expired. When a new party is added, a new cause of action is created and will not relate back to the date of filing the original action for statute of limitations purposes.
Judgment affirmed.
It is ordered that appellee recover from appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J., CONCUR
[1] Appellant-plaintiff Emima Kalutsky was involved in an automobile accident with three others. All were in the car that defendant Allison Szucs struck with her vehicle. The three other plaintiffs timely sued Szucs, but appellant Emima Kalutsky was not named in the suit. Appellant moved to add her name to the original lawsuit and have the amendment date back to the original filing under Civ.R. 15(C). Appellee challenged the amendment and argued the personal injury statute of limitations had expired; the trial court agreed and appellant appealed. She assigned the following error for our review: "I. The trial court erred as a matter oflaw and to the prejudice of appellant by granting defendants' motion todismiss Emima Kalutsky."
[2] 124 Ohio Misc.2d 31, 2003-Ohio-3512.
[3] See Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627, citingLittleton v. Good Samaritan Hospital Health Ctr. (1988),39 Ohio St.3d 86.
[4] Id.
[5] State Farm Mut. Auto. Ins. Co. v. Sandhu Auto Mechanic, Inc.
(Oct.16, 1986), Cuyahoga App. No. 51218; Morgan v. Bayview Hospital
(C.P. 1959), 82 Ohio Law Abs. 499.
[6] Id.
[7] Id.
[8] Civ.R. 15(C) states, in part: "(C) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original leading, the amendment relates back to the date of the original pleading. An amendment changing the party againstwhom a claim is asserted relates back if the foregoing provision issatisfied and, within the period provided by law for commencing the action against him, the party to be brought in by an amendment, (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." (Emphasis added.)
[9] Supra.
[10] Id. at 631-632.
[11] (1989), 42 Ohio St.3d 57.
[12] Id. at 59.
[13] Id.
[14] (1993), 87 Ohio App.3d 305.
[15] Id.