## GOWDY v ROBERTS

Ohio Appeals, 9th Dist, Summit Co

No 1621. Decided April 24, 1929

Grant, Thomas & Buckingham, Akron, for Gowdy.

Ralph G Thomas, Akron, and Hyre & Hyre, Cleveland, for Roberts.

**PARDEE, J.**

The plaintiff in error claims that the sixty-day period provided in said section, does not start from the day the original summons was issued, which was not served, but starts on the 29th day of January, 1929, that being the day the sheriff made his return of the original summons and the first time that the plaintiff in error became chargeable with notice that service had not been procured. The plaintiff in error claims that he made a diligent effort to procure a service when he filed his precipe and had a summons issued, in which precipe he set forth the city address of said defendant in error, which was copied in the summons, and at which address, as appears from the files, the sheriff subsequently served the alias summons in error. The plaintiff in error also claims that the service of the alias summons, made on March 23, 1929, was made within time—having been made within sixty days after the return of the original summons.

But with this claim we cannot agree, as the Code especially provides, that an action must be commenced by filing a petition and having a summons issued thereon, and that the time it is deemed to have been commenced is the date of the summons which is served upon the defendant, when there is only one.

The record in this case shows that a proceeding in error was not commenced because service of the original summons was not made upon the defendant, as is necessary to start an action, but the record does show that an attempt to commence such an action was made by the filing of the petition and having a summons issued within time. This attempt to start the proceeding in error gave the plaintiff in error the right to have an alias summons issued and served and thus put him in the same position he was in originally, except that it gave him further opportunity and additional time to start an action, by having a summons issued and served within the additional time of sixty days from the date of the original summons, the date which fixes the time when the original action was attempted to be commenced. But if the date upon which the alias summons was issued could be considered the date when the proceedings were started, then, in this case, the proceedings were not started in time, and for that reason again, the motion would have to be sustained.

Motion sustained and petition in error dismissed.

Funk, PJ, and Washburn, J, concur.