## MOHN v STATE

Ohio Appeals, 9th Dist, Medina Co
No. 93. Decided April 11, 1930

Eugene F. Trunko, Akron, for Mohn.

Raymond B. Bennett and Wendell Lerch, both of Medina, for State.

Statement of facst will be found in opinion.

## PER CURIAM:

On the 18th day of September, 1929, an affidavit was filed with the clerk of the Court of Common Pleas, charging the plaintiff in error, who will be referred to herein as the defendant, with the unlawful possession of intoxicating liquor, and on said day a warrant was issued for his arrest. He was brought into court, entered a plea of not guilty, and was released on bond.

On the 26th day of September, 1929, he was placed upon trial and evidence was offered by the state and the defendant— at the conclusion of which he was found guilty by the court of the offense charged in said affidavit.

Thereupon the defendant was inquired of as to whether he had anything to say, either by himself or by his counsel, and neither he nor his counsel desiring to make any statement in addition to what had already been said, the court, being fully advised in the premises, ordered and adjudged the defendant to pay a fine and the costs of prosecution, and that he stand committed to the jail of said county until the same were paid or secured to be paid, or until he was otherwise discharged as provided by law. Upon application of said defendant, a bond for the suspension of the execution of the sentence was fixed at $500, and he furnished the same.

On the 28th day of September, 1929, a motion for a new trial was filed by the defendant, and on October 11, 1929, it was presented to the court and overruled, to which ruling the defendant excepted; and on motion of the defendant, he was granted thirty days within which to prepare and file his bill of exceptions.

On October 9, 1929, a petition in error was filed by said plaintiff in error in the Court of Appeals of said county, and on November 6, 1929, a praecipe was filed with the clerk of courts, asking that a summons be issued upon said petition in error, which was done on said date. On November 7, 1929, a copy of the summons was served on the prosecuting attorney of said county, and return thereof was made by the sheriff to the clerk and filed by him on the 9th of November, 1929.

It thus appears from the foregoing dates and proceedings that the defendant was found guilty and sentenced upon the offense charged on September 26, 1929, which is the date of the judgment rendered by the court in said cause. Therefore, if defendant desired to prosecute error proceedings, it became incumbent upon him to file his petition in error in this court within thirty days from said date and have a summons issued by the clerk within said period.

The transcript of the docket and journal entries shows that the petition in error was filed on October 9, but that a summons in error was not issued until November 6, which was more than thirty days after the judgment was entered in said cause.

A proceeding in error is an independent action, provided by the criminal code of this state for a review of the judgments of trial courts; and to vest a reviewing court with jurisdiction of the subject-matter of the proceeding, it is necessary for the complaining party not only to file his petition in error within the statutory period but also to have a summons issued within said period, or to procure a waiver from the prosecuting attorney.

"1. A proceeding in error is commenced by filing a petition in error and having a summons issued thereon within the time fixed by law.

"2. The date a proceeding in error is deemed commenced is the date of the summons, which is served on the defendant."

Gowdy v. Roberts, 32 O. App. 38.

See also, Stryk v. State, 25 C. C. (N. S.) 166.

It clearly appearing that the proceeding in error was not started within the time provided by law, it follows that this court does not have jurisdiction of the subject-matter of this action and does not have the power to consider and review the errors complained of by said plaintiff in error.

The petition in error is therefore dismissed.

Funk, PJ, Pardee, J, and Washburn, J, concur.