## NATIONAL BOND AND INV CO v MIDLAND ACCEPTANCE CORP

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13987. Decided Jan 21, 1935

Pelton & Wilson, Cleveland, for plaintiff in error.

John L. Weisend, Cleveland, for defendant in error.

## OPINION

By LIEGHLEY, J.

The statute controlling procedure in an error proceeding from Municipal Court to this court is couched in very much the same language as is the statute covering procedure for review from the Common Pleas Court to this court.

The pertinent part of §1579-36 GC reads as follows:

"Proceedings in error may be taken to the Court of Appeals of Cuyahoga County from a judgment or final order of the Municipal Court in the same manner and under the same conditons as are provided by law for proceedings in error from the Court · of Common Pleas to the Court of Appeals; provided, however, no proceedings to reverse, vacate or modify, such a judgment or final order shall be commenced unless within sixty days after, * * *".

Sec 12270 GC, so far as the same is pertinent, reads as follows:

"No proceedings to reverse, vacate or modify a judgment or final order shall be commenced unless within seventy days after * * *."

It will be noted that both sections deal with the commencement of a proceeding to reverse, etc. The decisions in Ohio are not in conflict that to commence an action a summons in error must be issued before the expiration of the statutory period, which in this case is sixty days.

The syllabus in the case of **Railroad Company v Ambach, 55 Oh St 553,** follows:

"To bring a case within the saving provisions of §4988, Revised Statutes, a summons must be caused to be issued before the expiration of the statute of limitations governing the cause of action."

The case of **McLarren v Myers, 87 Oh St 88,** has not been reversed or modified. The syllabus of this case is clear and unambiguous in stating that the burden is on the plaintiff in error to commence an action in a reviewing court in compliance with all statutory requisites. The syllabus reads as follows:

"1. The saving provisions of §11231 GC, relate to the service of a summons, and before the diligent endeavor therein referred to can avail to avoid the bar of a statute of limitations, there must have been a summons issued prior to the expiration of the period fixed by the statute.

"2. The burden of causing a summons in error to be issued in an error proceeding is imposed by law on the plaintiff in error, and §12270, GC, being a statute of limita-

tions to be enforced as other similar statutes, the precipe of plaintiff in error and his request to the clerk to issue summons will not stop the running of the statute or avoid the bar thereof if summons which is served on defendant in error is not issued prior to the expiration of the time fixed, unless facts are shown which bring the case within some saving provision of the law."

In the case of **Gowdy v Roberts, 32 Oh Ap, 38 (7 Abs 318)**, there is a review of many decisions dealing with the issue presented to us. We quote the first two paragraphs of the syllabus:

"1. A proceeding in error is commenced by filing a petition in error and having a summons issued thereon within the time fixed by law.

'2. The date a proceeding in error is deemed commenced is the date of the summons, which is served on' the defendant."

From these authorities there seems to be established the unquestionable requirement that, in order to commence an action in a reviewing court, it is necessary that a petition in error be filed within the statutory period, and that the attorney for the plaintiff in error see to it that a summons in error is issued within the period.

Notwithstanding these authorities, the plaintiff in error places reliance upon two cases to sustain his claim that this motion should be overruled. It is claimed that on the last day of the statutory period the petiion in error was left at the office of opposing counsel, where he was told by some one connected with the office that opposing counsel would waive service. The petition in error contained a typewritten form of waiver for this purpose. However, the waiver has never been signed and no executed waiver has been filed. From these circumstances it is urged that counsel for plaintiff in error was misled, and that opposing counsel are estopped from asserting want of jurisdiction.

Counsel cites the case of **Railway Company v Mara 26 Oh St 185** in which it was held that certain acts of counsel constituted a general appearance in the case and a submission to the jurisdiction of the court. In this case counsel appeared in the Supreme Court, and without objecting to its jurisdiction assented to a setting of the case for oral argument, and the case was thereafter partially argued on its merits.

The other case cited and relied on is **King v Penn, 43 Oh St 57**, from which we quote the first three paragraphs of the syllabus:

"1. This court is without jurisdiction to hear and determine a proceeding in error which is not commenced within the time prescribed by statute after the rendition of the judgment complained of.

"2. Parties to a proceeding in error can not, by private agreement or consent, nor by voluntary appearance (in the absence of facts which should estop them to deny the jurisdiction of the court), confer upon this court power to hear and determine such proceedings after the expiration of the time limited therefor.

"3. Where a petition in error is filed within the period of limitation prescribed by statute and both parties proceed with the preparation of the case for final hearing, in the belief that the proceeding has been duly commenced and is actually pending, the defendant in error is estopped, after appearing and submitting the case, either upon oral arguments or printed briefs, to question the jurisdiction of the court, either of the parties or subject matter, upon the ground that no summons in error was issued or served."

It cannot escape notice that in both cases counsel appeared in court without challenging the jurisdiction of the court, filed briefs, and to a greater or less degree indulged in such conduct that the court might well assume, and was warranted in assuming, that jurisdiction was conceded.

Such are not the facts in this case. So far as the record discloses, the first appearance of counsel was for the purpose of challenging the jurisdiction of this court. No briefs have been filed, no attempt to have the case set for any particular time, nor has there been anything done that would warrant and justify this court in assuming that counsel had entered appearance herein.

Briefly, as stated above, the law is well settled in this state that not only a petition in error must be filed, but also a summons in error must be issued thereon within the statutory period, or in lieu thereof, a waiver of issuance and service of summons in error must be filed within said period. In the absence of both of these there is no jurisdiction in this court to entertain and decide a case, unless counsel for defendant in error has indulged in such conduct that thereby he has misled

the court and counsel into the belief that jurisdiction was conceded and unchallenged. Counsel cannot be thus accused on this record.

We are constrained to grant the motion to dismiss, and such is the entry with exceptions.

HYNES, PJ, concurs in the judgment.
LEVINE, J, dissents.