## LLOYD v CINCINNATI CHECKER CAB CO.

Ohio Appeals, 1st Dist, Hamilton Co

No 5928. Decided April 7, 1941

Froome Barbour, Cincinnati, and James E. Kimpel, for appellee.

Yarwood & Hoy, Cincinnati, and Oris E. Hamilton, Cincinnati, for appellant.

**OPINION**

By ROSS, J.

Appeal on questions of law from a judgment of the Common Pleas Court of Hamilton County.

The only question presented by the assignments of error and briefs involves the correctness of the ruling of the trial court in favor of the plaintiff upon dual motions for judgment upon the pleadings.

An examination of the bill of exceptions discloses that after these motions were made evidence was introduced by both parties, and it is recited that "Thereupon the court granted plaintiff's motion for judgment on the pleadings". The journal entry recites that the court rendered judgment upon the pleadings. Final judgment was rendered in favor of the plaintiff.

The appellant in its brief treats the case as having been decided upon motion for judgment on the pleadings.

The appellee treats the case as having been decided upon motion for judgment on the pleadings and opening statement of counsel.

The court made statements in the record indicating that it was deciding the case upon the statement of counsel as well as the pleadings.

Under such circumstances, it is somewhat difficult for a reviewing court to determine just exactly what is presented as a basis for this appeal.

As it would seem that we are bound to consider the action of the court as expressed in the journal entry conclusive as to the action taken, we will determine the matter upon the pleadings alone.

In the petition the plaintiff states that as Superintendent of Insurance he took over the liquidation of the Tower Mutual Insurance Company on September 10th, 1938, that such Insurance Company is a mutual assessment company, that under the laws of Ohio, **and the contract and insurance policy issued by such company,** all policy holders of such Insurance Company are liable for an assessment equal to the annual cash premium paid by such policy holder under such policies as have not been cancelled or expired more than one year prior to the date of the order of liquidation, entered on the 10th day of September, 1938, by a judge of the Court of Common Pleas of Franklin County, Ohio, that an order was made directing the plaintiff to collect such assessments, by suit, if necessary, that the defendant is a policy holder in such Insurance Company, holding a policy not cancelled or expired more than one year prior to the order for assessment, that the annual cash premium was $5940.00, for which sum the plaintiff prayed judgment.

The defendant filed an answer and cross-petition. In the answer it was admitted that the defendant was a policy holder as alleged, and that the annual cash premium was as stated in the petition.

Defendant neither affirmed nor denied the existence of the order of assessment. Defendant alleged that it had paid all amounts due plaintiff from it.

In its cross-petition, defendant alleges the existence of a contract insurance policy with the Tower Mutual Insurance Company, covering the operation of its taxicabs, that losses occurred under such policy totaling $17,361, prior to the date when such Insurance Company cancelled its policy of insurance with defendant on August 11, 1938.

To this cross-petition, the plaintiff filed an "amended answer" which was in the nature of a general denial to the new matter set up in the cross-petition.

The simple question which the parties agree is raised by the motion for

judgment on these pleadings is, whether or not the defendant may in this action to enforce an assessment set-off or counterclaim for its losses under the insurance policy.

The defendant claims this right under the general principle of set-off.

This right is based upon a requisite that the action in which the set-off is asserted is founded on contract. The use of set-off is limited by §11319 GC.

"A set-off is a cause of action existing in favor of a defendant against a plaintiff between whom a several judgment might be had in the action, and arising on contract or ascertained by the decision of a court. It can be pleaded only in an action founded on contract."

The defendant claims that the principal action is founded on contract, mainly because in the contract of insurance which was issued the defendant. the assessment here involved was provided for. Whether or not this were the case, such assessment could have been and is made under the statute and wholly independent of any contractual liability therefor existing in the contract. **Sections 9607-1 to 9607-38 GC.**

If the contingent liability had been omitted from the policy contract as a potential burden upon the policy holder, it would nevertheless have existed to be enforced by the Superintendent of Insurance, for the reason that statutory provisions made for the benefit of the public, required to be incorporated in contracts between parties thereto, are by law considered to be written into such contracts by operation of law. **Southern Surety Co. v Chambers, et, 115 Oh St 434, 444.**

It will be noted that in this opinion, considering various instances where statutes governing statutory contractual liability are involved, that the statement appears that such statutory provisions are read into the bond or contract "regardless of the intention of the parties". The liability thus created is obviously, therefore, not a contractual liability involving a meeting of the minds, but a purely statutory obligation which is being enforced. Reading the statute into the contract involves a pure fiction.

The debt of the defendant herein involved is a debt created by force of the statute, not a debt created by any voluntary act of the parties. The fact that the defendant did acquiesce in the contingent liability for assessment lends no more force to the duty imposed upon it by law than acquiescence in the liability for a tax, stockholders' contingent liability, or other statutory liability.

Had the company in the instant case assessed the defendant while such company was a going concern, then the liability of the defendant would have been based upon a liability voluntarily assumed. After liquidation proceedings are instituted, the defendant becomes liable by virtue of a liability imposed by law.

The situation is the same as that considered in **Andrews v State ex Blair, Supt. of Banks, 124 Oh St 348, 353, 359.** It will be noted also that the application of **Niles, Assignee v Olszak, 87 Oh St 229,** upon which defendant greatly relies, was so limited as not to govern the situation here presented.

An action for debt upon a statute was recognized centuries before the common law recognized the obligation to perform an executory contract. The action in this case is based upon statutory obligation and not being an action founded upon a contract, the right to setoff may not be predicated upon §11319 GC.

It is asserted, however, by the defendant, that the action may not proceed to judgment without recourse to the contract policy, because it is by this instrument that the defendant is shown to be a policy holder and, hence, subject to assessment.

While, at first, there seems merit in the argument, it is evident that, as has been indicated, the liability is not necessarily created by the voluntary assumption of contingent liability, but because the law requires such liability to exist in every policy contract. The contract is, therefore, merely used to identify the defendant as █ a member of a class subject to assessment of such contingent liability. It is evident that the defendant is so liable. Such identification could be established otherwise, and is admitted by the defendant in his answer and cross-petition.

Again, it is asserted that, because the right of assessment and the debts of the Insurance Company to the defendant for losses under the policy grow out of the same transaction, or are connected with the subject of the action, the defendant has a right to an equitable setoff. The same contention might be made under the terms of §11317 GC, which provides:

"A counterclaim is a cause of action existing in favor of a defendant against a plaintiff or another defendant, or both, between whom a several judgment might be had in the action, and arising out of the the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action."

This involves a consideration of the claim that this action to enforce an assessment and an action for losses under the cancelled policy grow out of the same transaction, or are connected with the same subject of action. The transaction or subject of action involved in the case of the plaintiff is the enforcement of a liability primarily created by statute. The debt upon which the defendant cross-claims is a loss growing out of the █ voluntary contractual obligation of the parties to the policy contract. The contract, transaction, and subject-matter of the

action and cross-action are entirely distinct and separate matters.

These considerations eliminate the application of either the principle of equitable setoff or counterclaim under the statute. See **Andrews v State ex Blair, Supt. of Banks, 124 Oh St 348,** supra.

Even if any question which might exist in such a conclusion were resolved in favor of the defendant, the rule based upon the "trust fund" theory would prevent acquiescence in the contentions of the defendant. This principle is fully discussed in Andrews v State ex Blair, etc., supra. The statement of the principle involved is found in the 4th paragraph of the syllabus:

"4. The liability of stockholders of an insolvent bank in process of liquidation creates a trust fund for the purpose of paying the debts of the corporation, to be paid pro rata among creditors. The debt due to a stockholder is entitled to no preference over other debts, and payment cannot be required as a setoff."

By analogy, the defendant policy holder in the instant case is required by law to participate in █ the creation of a fund held in trust by the Superintendent of Insurance for the benefit of the creditors of the Insurance Company. There is no principle of common or statute law or equitable consideration which requires that any portion of such fund so created should be diverted as a preference to any creditor.

There is still another view of the entire matter, which precludes the right of the defendant to cross-claim his losses under the policy contract against the claim of the plaintiff for contingent assessment.

Accepting the view of the defendant that the liability for such contingent assessment is predicated solely upon the policy contract and that the principal action therefore is "founded on contract", it is obvious that the clause of such contract relating to contin-

gent liability for assessment is inserted for the benefit of the creditors of the insurance company, for the benefit of all such creditors. Now in the principal action, the Superintendent of Insurance initiates this proceeding for the benefit of all the creditors of the Insurance Company. The purpose of the assessment is to create a fund in which all creditors may participate. To permit the defendant to cross-claim the entire amount or any part of such assessment is to permit the defendant to completely abrogate the terms of a contract made for the benefit of others.

The Insurance Company and the policy holder have contracted for the benefit of a third party—the entire creditor class of the corporation. To permit the corporation and policy holder to adjust their mutual claims is to entirely eliminate the creditor class from the benefit of a contract executed solely in behalf of the members of such class.

Mutuality of response is, therefore, wholly lacking and for this reason, the cross-claim of the defendant must be disallowed. It must find its remedy by resort to the assets of the corporation augmented by assessment contracts made for the benefit of the defendant and all others in the creditor class.

No inequity arises from such a situation, for the defendant will undoubtedly profit in sharing in dividends from a fund at least partially created by others situated similarly to the defendant.

For these reasons, the judgment of the court of common pleas is affirmed.

MATTHEWS, PJ., concurs.
HAMILTON, J., not participating.