**HART, Plaintiff, v. COLUMBUS BUICK CO., et, Defendants.**

Common Pleas Court, Madison County.

No. 20,045.   Decided August 16, 1955.

Ray E. Hughes, Columbus, Forrest E. Sidener, Jr., London, for plaintiff.

Richmond & Richmond, London, for defendants.

## OPINION

By BAYNES, J.

This cause comes on to be heard on defendants' motion to dismiss the action for failure to commence it within the statute of limitations. This is a damage action for personal injuries as a result of an automobile collision. Plaintiff was the occupant of one of the vehicles involved and is suing the owner of the other vehicle, the owner's employee, and the son of the employee.

The motion is supported by the facts alleged in the petition and a stipulation of facts which relates matters of record contained in the case file. Memorandum has been filed on defendants behalf. Nothing has been filed contra by plaintiff.

Plaintiff alleges her cause of action arose on 26 April 1953. On 25 April 1955 the petition was filed praying for damages in the sum of $20,500.00. A praecipe was filed at the same time, regular in form and directed the Clerk to endorse the summons, "Action for damages." The Clerk issued summons to the Sheriff accordingly. No other relief was prayed for, so that the action was for money only and no copy of the petition was served on any of the defendants.

Sec. 2703.01 R. C. (§11279 GC), provides a civil action must be commenced by filing a petition and causing summons to be issued thereon. Sec. 2703.02 R. C. (11280 GC), provides plaintiff shall also file a praecipe stating the names of the parties, and if for the recovery of money only, the amount for which judgment is asked, and demanding that a summons issue.

Requisite of a summons is provided for in §2703.03 R. C. (§11281 GC), and among other things it states:

"When the action is for the recovery of money only, **there must be endorsed on the writ the amount stated in the praecipe,** for which, with interest judgment will be taken if the defendant fails to answer." (Emphasis added.)

The Clerk issued summons on 25 April 1955. As to the two resident defendants the return was made and filed with the Clerk on 26 April 1955. As to the non-resident (of this county) defendant service was made on 26 April 1955 and filed with the Clerk on 2 May 1955. Defendants

specially appeared on 27 May 1955 and filed motions to quash and an entry sustaining the quashing of the above service was filed on 2 June 1955 and on this day praecipes were filed demanding summons issue with the amount of $20,500.00 claimed. Service on the two resident defendants was made on 3 June 1955 and filed with the Clerk. Service on the non-resident (of this county) was made on 3 June 1955 and filed with the Clerk on 7 June 1955.

The motion to dismiss the cause was filed on 1 July 1955, the stipulation and memorandum on 18 July 1955. It might be presumed plaintiff has nothing to argue or at least no authority to support an argument since nothing has been submitted to the Court.

Sec. 2305.10 R. C. (§11224-1 GC), provides that a cause of action for bodily injury shall be brought within two years after the cause of action arose. Sec. 2305.17 R. C. (§11230 GC), provides among other things an action is commenced at the date summons is served on each defendant. An attempt to commence is deemed equivalent to commencement when a party diligently endeavors to procure service, if the attempt is followed by service within sixty (60) days.

Defendants contend the action was not commenced within the two year limitation because the original summons was issued according to the praecipe, which summons was void because the statutory requirement, that the summons in an action for money only must contain the amount sought, is mandatory. If this is true the summons is jurisdictional.

It would be assumed that such a question would have been decided many times and reported. Defendants cite only one case, **Crabbe v. Jones, (C. P.) 45 Abs 443.** Same case in Court of Appeals, which affirmed the trial court, styled Crabbe v. Hertzig, 66 N. E. 2d. 659. The facts as to the summons in those cases are identical to this case. Summons was defective for the reason that no amount sought was endorsed on the summons which was issued within the period of the statute of limitations. It was quashed and was followed within sixty (60) days of the filing of the petition by service of a legally valid summons.

Both the trial and the appellate courts held since the original summons were not "legal summons" that plaintiff had not made diligent efforts to procure service. So that, no such "attempt" would permit plaintiff to have advantage of the sixty (60) day savings clause, contained in §2305.17 R. C., above referred to. In other words, when plaintiff failed to commence his action according to §2305.17 R. C. he did not have legal summons upon which to avail himself of the sixty day (60) savings clause.

It may well be that a different conclusion would or could be reached if the defect in the summons could be construed to make it voidable but not void. Or if it could reasonably be said that the void defect was not a result of a lack of diligence on plaintiff's part. As is pointed out in an article titled, "Commencement of an action in Ohio for the purpose of the statute of limitations," in **16 Ohio State Law Journal 140, 146;**

"The plaintiff's attorney who is so close to the expiration of his statute of limitations that he may have to depend upon the sixty day savings clause for timely commencement, might well check his praecipe for summons carefully, and after filing of the petition and praecipe,

wait for the Clerk to prepare the summons, so that he can inspect it for style of the case, endorsement, signature, seal and date, and see it physically submitted to the sheriff."

The Court is of the opinion that plaintiff in this case did not commence her action prior to the expiration of the two year statute of limitations for her action, and that the case should be dismissed at plaintiff's costs.

Defendants' counsel should prepare an entry accordingly and submit the same to plaintiff's counsel and to the Court for approval and filing.