**Huston ROBINSON, Appellant,**

v.

**The GREYHOUND CORPORATION,**
Appellee.

No. 13120.

United States Court of Appeals
Sixth Circuit.

June 17, 1957.

**66**

Morris J. Britz, Toledo, Ohio (Harland M. Britz, Toledo, Ohio, on the brief), for appellant.

Andrew E. Anderson, Toledo, Ohio (Doyle, Lewis & Warner, Toledo, Ohio, of counsel), for appellee.

Before McALLISTER and STEWART, Circuit Judges, and STARR, District Judge.

PER CURIAM.

This appeal involves a narrow question of Ohio law. Appellant was injured in a collision with the appellee's vehicle on October 23, 1954. On October 5, 1956, he filed a petition in the Common Pleas Court of Lucas County, Ohio, asking a judgment of $40,000 for personal injuries and property damage. A praecipe was filed with the clerk, which, contrary to a provision of the Ohio statute, failed to specify the amount for which judgment was asked. Ohio Rev.Code, § 2703.02. Pursuant to this praecipe the clerk issued a summons which was served by the sheriff upon the appellee's statutory agent on October 9, 1956. The summons also failed to state the amount of damages asked, contrary to the relevant Ohio statute. Ohio Rev.Code, § 2703.03. However, pursuant to a rule of the Lucas County court the summons was accompanied by a copy of the petition, which, of course, did contain a prayer for damages of forty thousand dollars.

In Ohio personal injury actions must be brought within two years after the cause thereof arose. Ohio Rev.Code, § 2305.10. For purposes of the statute of limitations, an action is commenced "at the date of the summons which is served" on the defendant. Ohio Rev.Code, § 2305.17. On October 24, 1956, two years and one day after the cause of action had accrued, the appellee removed the case to the federal district court. There the appellee filed a motion to quash service because of defective summons and to dismiss the suit because the limitation period had elapsed before a valid summons had been served. These motions were granted by the district court. The question on this appeal is whether delivery of the summons in question together with a copy of the petition constituted service sufficient to commence the action within the statutory period.

The Ohio Supreme Court has ruled that a default judgment cannot be rendered where the summons contained no endorsement of the amount claimed. Finckh v. Evers, 1874, 25 Ohio St. 82; Hamilton v. Miller, 1876, 31 Ohio St. 87. That, however, is a question quite different from the one presented here. An intermediate Ohio appellate court and an Ohio court of common pleas have held that service of a summons which did not carry an endorsement of the amount demanded did not operate as the commencement of an action within the meaning of the statute of limitations, but there was no showing in either of those cases that a copy of the petition had been served with the summons. Crabbe v. Hertzig, Ohio App. Tuscarawas County, 1946, 66 N.E.2d 659; Hart v. Columbus Buick Co., Ohio Com. Pl. Madison County, 1955, 129 N.E.2d 414. We have been referred to no Ohio decision which has held that such a summons, when accompanied by a copy of the petition clearly stating the amount demanded, was not sufficient to commence an action for purposes of the statute of limitations.

The obvious reason for requiring the summons to include the amount for which judgment is sought is to insure that the

defendant is notified of his potential liability as soon as the summons is served upon him. That purpose was fully achieved in the present case. The Ohio Supreme Court has emphasized that procedural rules "are to be liberally construed, in order to promote their objects and assist the parties in obtaining substantive justice * * * ." In re Wisner Guardianship, 1947, 148 Ohio St. 31, 35, 72 N.E.2d 751, 753. Such a construction of the statutory provision in question leads to the conclusion that under the circumstances here disclosed the present action was commenced in time. It is unnecessary therefore to consider the effect if any of the sixty day grace period provided by the Ohio statute "when the party diligently endeavors to procure a service." Ohio Rev.Code, § 2305.17.

The orders of the district court are set aside and the case remanded for further proceedings.