SEXTON, Plaintiff, v. NEW YORK CENTRAL RAILROAD COMPANY, a Corporation, Defendant.

Common Pleas Court, Madison County.

No. 21001.   Decided April 15, 1959.

Mr. *Alfred J. Frericks*, for plaintiff.
Messrs. *Jackman, Nichols & Grubbs*, for defendant.

BAYNES, J.   This cause comes on to be heard on defendant's motion to quash a purported service of summons returned on January 29, 1959, by the Sheriff of this County and a motion of plaintiff for leave to correct the "precipe, summons and return of summons," and a motion by the defendant to quash alias summons caused to issue by plaintiff.

Plaintiff's action is for damages for alleged personal injuries which he received as a result of a crossing collision on February 1, 1957. The petition was filed on January 29, 1959, four days prior to the day that the two-year Statute of Limitations (Section 2305.10, Revised Code), expired. Answer day, as stated in the summons, was February 28, 1959.

On February 28, 1959, defendant, specially appearing, filed a motion to quash the service of summons. Likewise, on March 24, 1959, defendant, again specially appearing, filed a motion to quash the alias service of summons.

The motion to quash the original service of summons is based upon the fact that the precipe therefor, filed by plaintiff, did not direct the Clerk to endorse on the summons the amount for which judgment would be taken, and the summons contained no endorsement that the suit was for money only and that the demand of the prayer of the petition was for damages in the amount of $60,000. Section 2703.03, Revised Code, requires that the endorsement state the amount for which judgment is sought if the action is for money only.

The rule in Ohio is that this requirement is jurisdictional. In *Finckh* v. *Evers* (1874), 25 Ohio St., 82, 85, it was held that the defendant *was not legally summoned*, there being no endorsement on the summons of the amount for which judgment would be taken. This rule was applied to a tort action in *Hamilton* v. *Miller* (1876), 31 Ohio St., 87, 88.

This ruling was based upon the requirement of Section 57 of the Code, a predecessor section to the present Section 2703.03, Revised Code. This endorsement requirement was incorporated in Ohio's first practice statute, 29 Ohio Laws, 58, and was antedated by the English Common Law Rule, see 3 Blackstone, Commentaries, 282.

The endorsement requirement has always been strictly construed in Ohio. A void summons confers on the Court no jurisdiction to grant affirmative relief in the case whatsoever. This Court has previously held that an unendorsed summons is ineffective to commence an action so as to toll the Statute of Limitations; *Hart* v. *Columbus Buick* (1955), 72 Ohio Law Abs., 98, 129 N. E. 2d, 414, 58 Ohio Opinions, 48. It will serve no useful purpose here to review the statutes and the cases therein set out.

Counsel's attention is directed to the fact that the cases on this subject are reviewed in a very fine note in 27 University of Cincinnati Law Review No. 1, 103 (1958). It would be fair to say, however, that we are not as certain as the note writer that our Supreme Court would disapprove of the rule of *Robinson* v. *Greyhound Corporation*, 245 F. 2d, 65 (6th Circuit, 1957). For as we indicated in the *Hart case*, 72 Ohio Laws Abs., 100, if a summons could be determined to be voidable, a construction of "substantial compliance" could or ought to be determined the equivalent of "full compliance." The "substantial compliance" doctrine as to mandatory requirements is not unknown or novel in Ohio law.

We do not find the authority relied upon by plaintiff in his contra memorandums to defendant's motion to be in point.

Since we are compelled to find that this Court has no jurisdiction of the case, or in other words, no jurisdiction of the defendant, we have no right to permit plaintiff to amend his original precipe for summons. In no event would plaintiff have the right to have the summons amended as it was issued on the precipe by the Clerk. Nor would he have any right to have the Sheriff's return amended on such summons. In all three instances, it would require the recitation of a fact not in existence on the day the precipe was filed, the summons was issued, and the summons was returned. The amendments, in such instances, could be only for the purpose to make appear a fact existing at the respective times and that as a result of a ministerial error it fails to appear.

The motion of plaintiff is not well taken and should, therefore, be overruled. The motions of the defendant are well taken and should, therefore, be sustained. Since, on the face of the petition, the Statute of Limitations has expired, defendant's counsel is directed to prepare an entry reciting the Court's ruling on the motions and dismissing the plaintiff's petition for the reason that no lawful summons was issued in this case on or before February 1, 1959, the date the Statute of Limitations for filing the action expired, such entry to be submitted to plaintiff's counsel, noting exceptions, and to the Court for approval.